### ROCKHOLD *v.* ROCKHOLD ET AL.

This court has not jurisdiction to re-examine the decree of a State court affirming the non-liability of a trustee to his *cestui que trust* for the loss of a fund not occasioned by his laches or bad faith, but by his payment of the same into the hands of the receiver of the Confederate States in obedience to a military order which he could not resist.

MOTION to dismiss a writ of error to the Supreme Court of the State of Tennessee.

*Mr. William W. Boyce* for the defendants in error, in support of the motion.

*Mr. Henry Cooper, contra.*

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

The object of this suit was to bring the executors of the will of Thomas Rockhold, deceased, to an account with the plaintiff, Charles Rockhold, one of the legatees. The defendant, William D. Blevins, one of the executors, answering the bill, said, in substance, that, contrary to his wishes, he was forced by a military power that he could not control to receive the sum of $5,004.74 from one of the debtors of the estate, in Confederate money, and pay it over to the receiver of the Confederate States. When this was done, the country was under complete military rule; and he acted, contrary to his wishes, under Confederate authority, which he was compelled to obey. This, he

claimed, excused him from accountability to the plaintiff for this amount; and the Supreme Court of the State has so decided.

To reverse this decision the present writ of error has been brought.

We cannot distinguish this case from *Bethel* v. *Demaret*, 10 Wall. 537; *Delmas* v. *Insurance Company*, 14 id. 661; and *Tarver* v. *Keach*, 15 id. 67. The State court has only decided, that, upon principles of general law, a trustee cannot be held responsible to his *cestui que trust* for the loss of a trust-fund, if the loss has not been occasioned by his own laches or bad faith; and that the delivery of the trust-fund in this case by the defendant into the hands of the Confederate authorities, under an order which he dared not disobey, excused him from liability to the plaintiff. This is not a Federal question.

*Writ of error dismissed.*