UNITED STATES *v.* THOMPSON ET AL.

Judgments in the State courts against the United States cannot be brought here for re-examination upon a writ of error, except in cases where the same relief would be afforded to private parties.

ERROR to the Court of Appeals of the State of Maryland.

In the progress of a suit pending in the Circuit Court of Queen Anne's County, Md., to settle the affairs of McFreely & Hopper, an insolvent partnership, and to collect and apply the

assets of the firm to the payment of its liabilities, the United States presented a petition for the allowance of a claim in their favor, and its payment out of the fund in court in preference to other creditors, on account of the priority given to debts due the United States by the act of March 3, 1797. 1 Stat. 515, sect. 5; Rev. Stat. sect. 3466.

This petition was referred to an auditor, to take testimony, and report. The facts, as they appear in his report, are substantially as follows: —

Thompson, one of the appellees, was a deputy-collector of internal revenue for the first district of Maryland. In the course of his business he permitted McFreely & Hopper to dispose of and receive the money for internal-revenue stamps, which had been furnished him by the United States to sell. On a settlement with the firm, in December, 1865, there was found due him on that account between $1,500 and $1,600. During the same month of December he held checks received from various parties in payment of internal-revenue taxes, and these he indorsed and delivered to the firm to collect for him. The money was collected, and deposited in bank to the credit of the firm. Some time in February, 1866, the firm gave Thompson a check for $3,000, to pay the amount due him for stamps and checks, — viz., $2,537, — and an amount that was due to him on account of other transactions. With this check, and other checks and current notes, he obtained from the National Exchange Bank of Baltimore a certificate of deposit payable to the treasurer of the United States, for about $24,000. This was at once remitted to the treasurer, to whom it was afterwards paid. Some days after, the check of McFreely & Hopper was protested; and Thompson took it up from the National Exchange Bank, using therefor moneys belonging to the United States in his hands as deputy-collector. Sept. 1, 1866, McFreely & Hopper took up the check from him, paying in money all but $2,537, and giving him their note for that amount, with two sureties, payable one day after date.

This note Thompson presented for allowance, as a claim in his favor. The United States claimed, on account of the money originally received for the stamps sold and checks collected.

The auditor reported against the United States, upon the ground, that, even if they ever had any claim against the firm, it was extinguished by the payment of the certificate of deposit to the treasurer. The report of the auditor was confirmed by the Circuit Court, and a decree entered accordingly. This decree was affirmed by the judgment of the court of appeals. The present writ of error to that court was sued out.

*Mr. Assistant Attorney-General Smith* for the plaintiff in error. No opposing counsel.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

Judgments in the State courts against the United States cannot be brought here for re-examination upon a writ of error, except in cases where the same relief would be afforded to private parties. It was conceded upon the argument in behalf of the United States, that the question of priority of payment, under the laws of the United States, was not decided in the court below, because it was found that there was no debt due. With this concession, which could not be avoided, it is difficult to see what Federal question there is in the record.

It appears affirmatively that the Circuit Court rejected the claim, because it had been paid; and the presumption, in the absence of any showing to the contrary, is, that the Court of Appeals based its decision upon the same ground. But, in addition to this, on looking into the opinion which has been sent here as part of the record in that court, we find that all questions as to the original liability of McFreely & Hopper to the United States were expressly waived, and the decision placed solely upon the ground that "any claim the United States may have ever had against the firm, growing out of these dealings with Thompson, has been paid and extinguished."

It is not contended that this decision is repugnant to the Constitution, or any law or treaty of the United States; but the argument is, that, as the check of McFreely & Hopper was not paid, it did not pay their debt. Whether this is so or not, does not depend upon any statute of the United States, but upon the principles of general law alone. We have many

times held that we have no power to review the decisions of the State courts upon such questions. *Bethel* v. *Demaret*, 10 Wall. 537 ; *Delmas* v. *Ins. Co.*, 14 id. 666 ; *Ins. Co.* v. *Hendren*, 92 U. S. 287 ; *Rockhold* v. *Rockhold*, id. 130.

*Writ dismissed.*