## UNITED STATES v. RAILROAD COMPANY.

1. The court affirms *Hecht* v. *Boughton, supra*, p. 235.
2. A writ of error or an appeal will not lie from the final judgment or decree of the Supreme Court of the Territory of Wyoming, unless the amount in controversy exceeds $1,000, or the decision be rendered upon a writ of *habeas corpus* involving the question of personal freedom.
3. The same provision applies to a suit where the United States is the plaintiff, unless it be brought for the enforcement of a revenue law.

ERROR to the Supreme Court of the Territory of Wyoming.

This was a suit in replevin, brought by the United States in one of the District Courts of the Territory of Wyoming, against the Union Pacific Railroad Company to recover the possession of certain goods intended for the Indian service. It was submitted on an agreed statement of facts, from which it appears that the goods belonged to the United States; that they were intended for the Indian service; that the United States had a contract with Dwight J. McCann for their transportation from New York to the White River Agency in Colorado; that they were put into his hands for transportation under his contract; that he agreed with the railroad company for their tranportation from Omaha to Rawlins; that the company carried them as a common carrier under this agreement to the place of destination, for which its proper charges were $496.86; that on their arrival at Rawlins they were stored in the company's warehouses for a long time; that for this storage the proper charge was $91.30; and that he had never paid any part of these charges.

On the 20th of November, 1877, the United States demanded the goods of the company, but a delivery was refused unless the charges were paid, the company claiming the right to hold the goods under a carrier's lien. The United States thereupon replevied them without having first paid the charges. The only controversy was as to the lien, and it was agreed that if, upon the facts, the court should be of opinion the company had a lien, judgment should be entered in its favor and against the United States for the amount of the charges. If, however, it should be decided there was no lien, judgment was to be entered against the company. The court decided there

was a lien, and gave judgment against the United States for $588.16, which was affirmed by the Supreme Court of the Territory. To review that judgment this writ of error was brought.

*The Solicitor-General* for the United States.

*Mr. Samuel Shellabarger* and *Mr. Jeremiah M. Wilson,* contra.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

Under the decision in *Hecht* v. *Boughton* (*supra,* p. 235), the case should have been brought here by appeal, and not by writ of error. There was no trial by a jury. But there is still another objection to our jurisdiction. Under sects. 702 and 1909 of the Revised Statutes, writs of error and appeals from the final judgments and decrees of the Supreme Court of Wyoming lie to this court only when the amount in controversy exceeds $1,000, or the judgment is on a writ of *habeas corpus*, involving a question of personal freedom. No exception is made in favor of the United States, and this is not an action brought for the enforcement of any revenue law. Consequently the United States are not entitled to a writ of error or appeal if the same remedy would not be afforded under similar circumstances to a private party. *United States* v. *Thompson,* 93 U. S. 586. The value of the matter in dispute is the amount of the judgment that has been recovered. This is less than $1,000. It follows that we have no jurisdiction, and the writ is

*Dismissed.*