## PHILADELPHIA & READING COAL & IRON COMPANY *v.* GILBERT.

**ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.**

No. 454. Argued November 6, 1917.—Decided November 26, 1917.

A Pennsylvania corporation was sued in New York, where it transacted but a part of its business, upon a cause of action for personal injuries arising in Pennsylvania, and the summons was served upon a New York agent which it had designated to receive service of process, conformably to the New York laws. It moved to set aside the service as void in that consent to be sued in New York could be implied only in respect of causes arising out of its business there, and that the attempt to compel it to respond to the action was an invasion of its rights under the Constitution, particularly § 1 of the Fourteenth Amendment. *Held* that, as the motion did not draw

in question the validity of the state law but only the validity of the service and the power of the court, consistently with § 1 of the Amendment, to proceed upon such service, no basis was laid for reviewing in this court by writ of error a subsequent judgment on the merits but only for application for certiorari. Jud. Code, § 237, as amended by Act of Sept. 6, 1916.

Writ of error to review 176 App. Div. 889, dismissed.

THE case is stated in the opinion.

*Mr. Pierre M. Brown,* for plaintiff in error, besides suggesting that, under § 4 of the Act of September 6, 1916, the writ of error if improper might be taken as an application for certiorari, contended that error was proper because the validity of the New York statute upon which the service and jurisdiction in the New York courts depended was challenged. This statute—§ 16, General Corporation Laws of New York, c. 28, Laws 1909; c. 23, Consolidated Laws—reasonably construed, does not intend that, by merely designating an agent upon whom process can be served, a foreign corporation shall be deemed to have submitted itself to be sued in New York upon causes of action having no relation whatever to its business in that State. In construing it otherwise (*Bagdon v. Philadelphia & Reading Coal & Iron Co.,* 217 N. Y. 432; see also *Tauza* v. *Susquehanna Coal Co.,* 220 N. Y. 259), the New York courts have made it an unlawful burden on interstate commerce. *Sioux Remedy Co.* v. *Cope,* 235 U. S. 197; *Simon* v. *Southern Ry. Co.,* 236 U. S. 115; and other cases.

*Mr. William M. Seabury* and *Mr. Samuel Seabury* for defendant in error, submitted.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was an action in a state court in New York by a resident of that State against a Pennsylvania corporation

to recover for a personal injury sustained by the former while employed in the latter's coal mine in Pennsylvania. In addition to mining coal in Pennsylvania, the defendant was doing business in New York and, conformably to the laws of the latter State, had designated an agent therein upon whom process against it might be served. The summons was served upon this agent. After an unsuccessful effort to have the service set aside as invalid, the defendant answered and the further proceedings resulted in a judgment for the plaintiff, which was affirmed, without opinion, by the Appellate Division of the Supreme Court. An appeal to the Court of Appeals was denied, and the defendant sued out this writ of error. A motion to dismiss the writ is made upon the ground that the judgment, if open to review here, cannot be reviewed upon a writ of error, but only upon a writ of certiorari.

Under § 237 of the Judicial Code, as amended September 6, 1916, c. 448, 39 Stat. 726, a final judgment or decree of a state court of last resort in a suit "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity," may be reviewed in this court upon writ of error; but, if the suit be one "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is in favor of their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is against their validity; or where any title, right, privilege, or immunity is claimed under the Constitution, or any treaty or statute

of, or commission held or authority exercised under the United States, and the decision is either in favor of or against the title, right, privilege, or immunity especially set up or claimed, by either party, under such Constitution, treaty, statute, commission, or authority," the judgment or decree can be reviewed in this court only upon a writ of certiorari. The difference between the two modes of securing a review, as contemplated by the statute, lies in the fact that a writ of error is granted as of right, while a writ of certiorari is granted or refused in the exercise of a sound discretion.

By a timely motion the defendant sought to have the service of the summons set aside upon the ground— "that said service is void, in that the defendant's consent to be sued in the State of New York by service upon its aforesaid designated agent, can only be implied with respect to causes of action arising in connection with business the defendant transacts in the State of New York; the plaintiff's cause of action herein did not arise in connection with the business defendant transacts in the State of New York but is brought to recover damages for personal injuries alleged to have been sustained in the State of Pennsylvania. An attempt to compel the defendant to respond to this suit in the Supreme Court of the State of New York, sitting in Westchester County, is an invasion of the defendant's rights under the Constitution of the United States, particularly Section 1 of the 14th Amendment of the said Constitution."

The motion was overruled and the defendant, having first excepted to the ruling, answered to the merits.

All that was drawn in question by the motion was the validity of the service and the power of the court, consistently with the first section of the Fourteenth Amendment—probably meaning the due process of law clause, to proceed upon that service to a hearing and determination of the case. It did not question the validity of any

treaty or statute of, or authority exercised under, the United States. Neither did it challenge the validity of a statute of, or an authority exercised under, any State, on the ground of its being repugnant to the Constitution, treaties, or laws of the United States. Challenging the power of the court to proceed to a decision of the merits did not draw in question an authority exercised under the State, for, as this court has said, the power to hear and determine cases is not the kind of authority to which the statute refers. *Bethell* v. *Demaret*, 10 Wall. 537, 540; *French* v. *Taylor*, 199 U. S. 274, 277.

It follows that the judgment cannot be reviewed upon writ of error. If a review was desired it should have been sought under that clause of the certiorari provision which reads, "or where any title, right, privilege, or immunity is claimed under the Constitution," etc.

*Writ of error dismissed.*