

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-21-2009

# Brennan v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2988

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Brennan v. USA" (2009). *2009 Decisions.* Paper 1514.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1514

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-2988

_____

ROBERT E. BRENNAN,
Appellant

v.

UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the District of New Jersey
District Court  No. 04-cv-04719
District Judge: The Honorable Garrett E. Brown, Jr.

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 17, 2009

Before: MCKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: April 21, 2009)

_____

OPINION

_____

SMITH, *Circuit Judge.*

Appellant Robert E. Brennan petitioned the District Court for habeas relief under

28 U.S.C. § 2255 claiming that his trial and appellate counsels were ineffective.  The

District Court denied his petition.  We granted Brennan's request for a certificate of

appealability under 28 U.S.C. § 2253(c)(1).  Since Brennan has failed to demonstrate that he was prejudiced by his counsels' allegedly deficient performance, we will affirm the District Court's decision.[1]

To prevail on a claim of ineffective assistance of counsel, Brennan must demonstrate "(1) that his counsel's performance was deficient; and (2) that he was prejudiced by it."  *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).  We need not decide whether Brennan's counsels were deficient if it is clear that Brennan has not shown any prejudice. *See Strickland*, 466 U.S. at 697 ( "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Here, Brennan claims that his trial and appellate counsels were ineffective because they failed to invoke *Apprendi v. New Jersey*, 530 U.S. 466 (2000), at his sentencing and direct appeal despite his requests that they do so.  Brennan, however, does not argue that an *Apprendi* challenge would have been successful before the trial or appellate courts. Instead, Brennan asserts that "[h]ad the Apprendi issue been preserved by Brennan's trial and appellate counsel (as he requested), it is likely that the Supreme Court would have considered the issue just as the Court did in [*Blakely v. Washington*, 542 U.S. 296 (2004)]

---

[1]The District Court had jurisdiction under 28 U.S.C. § 2255, and we have jurisdiction under 28 U.S.C. § 2253.  Since the District Court did not hold an evidentiary hearing, we review its legal conclusions *de novo*.  *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006).

. . . ." (Br. for Appellant at 20.)   Therefore, to show prejudice, Brennan must demonstrate a reasonable probability that, but for his counsels' deficient performances, the Supreme Court would have granted his petition for certiorari. *See Strickland*, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

We recognize that to show prejudice, Brennan "need not show that counsel's deficient performance more likely than not altered the outcome in the case—rather, he must show only a probability sufficient to undermine confidence in the outcome." *Thomas v. Varner*, 428 F.3d 491, 502 (3d Cir. 2005) (internal quotations and citations omitted).   We also acknowledge that "[t]his standard is not a stringent one." *Id*. Nonetheless, Brennan bears the burden of demonstrating prejudice. *Fountain v. Kyler*, 420 F.3d 267, 275 (3d Cir. 2005).   In our view, he has come up short.

According to Brennan, the fact that the Court granted certiorari in *Blakely* two weeks after it denied his petition demonstrates a likelihood that the Court would have granted his petition had he preserved the *Apprendi* issue.   We disagree.   While *Blakely* concerned the post-*Apprendi* constitutionality of a state court's sentencing procedure, *see* 542 U.S. at 299–301, Brennan was subject to the federal sentencing regime.   This is a significant difference.   At the time it granted certiorari in *Blakely*, the Court exhibited no signs that it was also ready to consider *Apprendi*'s effect on federal sentencing.   Indeed, *Blakely* explicitly disclaimed any applicability to the Federal Sentencing Guidelines. *See* 542 U.S. at 305 n.9 ("The Federal Guidelines are not before us, and we express no

3

opinion on them."). It was not until the following term that the Court demonstrated a willingness to confront the *Apprendi* issue that Brennan claims he would have raised had it been preserved. *See United States v. Booker*, 543 U.S. 220, 229 (2005) (noting that in the Government's petition for certiorari, it "ask[ed] us to determine whether our *Apprendi* line of cases applies to the Sentencing Guidelines, and if so, what portions of the Guidelines remain in effect").

"[A] writ of certiorari is granted or refused in the exercise of a sound discretion." *Phila. & Reading Coal & Iron Co. v. Gilbert*, 245 U.S. 162, 165 (1917). Its grant is a rare event.[2] Here, Brennan can only speculate that, had he preserved the *Apprendi* issue, his direct appeal would have been among those select few. This is not enough to show prejudice. *See Baker v. Barbo*, 177 F.3d 149, 154 (3d Cir. 1999) (holding that "totally speculative" arguments as to prejudice did not show a "a probability sufficient to undermine confidence in the outcome"). Therefore, we will affirm the District Court's decision to deny Brennan's petition for habeas relief.[3]

---

[2]According to one publication, those who petitioned the Supreme Court for certiorari in the same year that Brennan did were successful a mere 1.1% of the time: in the 2003 term, the Court granted only 87 of the 7,784 petitions that it considered. *See The Supreme Court, 2003 Term: The Statistics*, 118 Harv. L. Rev. 497, 504 (2004).

[3]We also reject Brennan's claim that the District Court abused its discretion in declining to grant an evidentiary hearing because the motions, files, and records of the case conclusively show that Brennan is not entitled to relief. *See Lilly*, 536 F.3d at 195.