REAY, Ex'x *v.* RAYNOR and others.

(*Circuit Court, S. D. New York.* January 23, 1884.)

PATENTS FOR INVENTIONS.

Amended bill to cover reissue of patent allowed, though the patent alleged to be infringed by the first bill had expired before the amended bill was filed. Reissued letters patent No. 2,529, granted March 26, 1867, for improvements in envelope machines, *held* to have been infringed by the defendants as to the first, second, and tenth claims, and an injunction and accounting ordered.

In Equity.
*Arthur v. Briesen*, for oratrix.
*Stephen D. Law* and *John Van Santvoord*, for defendants.

WHEELER, J. The testator of the oratrix was the owner of reissued letters patent No. 2,529, granted March 26, 1867, upon the surrender of original letters patent No. 39,702, granted to him August 25, 1863, for improvements in envelope machines, which would expire August 25, 1880. The bill was brought June 12, 1880, upon the original patent, without referring to the reissue, to restrain the use of machines alleged to be infringements, and for an account. No motion was made for a preliminary injunction. An answer was filed setting forth the reissue August 16, 1880; the oratrix moved to amend the bill, and September 22, 1880, it was by stipulation amended to cover the reissue in place of the original. The defendants now move, on the authority of *Root* v. *Railway*, 105 U. S. 189, that the bill be dismissed for want of jurisdiction in equity, because the patent had expired before the amended bill was filed, upon which only the oratrix could have any equitable relief. *Dowell* v. *Mitchell*, 105 U. S. 430. The infringement is solely by the use of machines made before the bill was brought and continued ever since, and would be covered by the general allegation of infringement made in both the original and amended bills, if filed during the term of the patent, but the continued use after the expiration of the term would not be so covered by that general allegation in a bill filed after the expiration; special

allegations setting forth that the machines were infringements when made would be necessary. *Root* v. *Railway, supra; Amer. Diamond Rock Boring Co.* v. *Rutland Marble Co.* 2 FED. REP. 355. It is urged for the oratrix that the amended bill is to be considered for this purpose as if the original had been as it is amended, when filed, and for the defendants that it is to be considered as if it had been filed as an original bill when it was filed. The oratrix had the reissue when she brought her original bill, and must have intended to bring her bill upon the patent which she had, and not upon one which she did not have. Under these circumstances it would have been competent for the court to allow the amendment. That which could be done by the court without consent could well be done by the parties by consent. When done, it made the bill as it should have been at first, and, in effect, as if it had been so at first. Such amendement only was necessary as would make the bill what it should have been to be good when brought, not what would have been necessary to make it what it would have to be to be good at some other time. If the oratrix has shown a case for any equitable relief, she is, upon all the decided cases, entitled to have the bill retained for that, and such cognate relief as is necessary to do complete justice. *Dowell* v. *Mitchell, supra.*

The defendants set up that the reissue is too broad for the original. The original showed and described two arms, extending from a table in the interior of a machine under which the envelope blank is made to pass on its way to a creasing box in the rear,—one on each side of the box,—to or nearly to a line with the rear side of the box. No use for these arms was stated. In the reissue these arms are described as applied in such position that they extend parallel to the edges of the creasing box with their lower edges level with, or rather below, the top edge of the box so as to bear down on the ends of the blanks and hold them in position on the box to be creased, and as secured to the table or any other fixed part of the machine. No other reference to the table in connection with them is made. No claim was made in the original in respect to them. They are the subject of the new fourth claim. The original showed these arms only as extensions from the table. Their height in respect to the creasing box was not shown with accuracy otherwise than by reference to the table. As no function was ascribed to them their position could not be inferred from what they were to do. When they were described as in a certain position, with reference to the creasing box instead of the table, and as attachable to some other part of the machine when they would not be extensions of the table, and an office was ascribed to them, an invention different from that in the original was shown. This claim was too broad to be added at any time, and therefore void. *Gill* v. *Wells,* 22 Wall. 1; *Russell* v. *Dodge,* 93 U. S. 460. Besides, the reissue was taken out more than three years after the original, and would seem to be for that reason unreasonable and invalid. *Miller*

v. *Bridgeport Brass Co.* 104 U. S. 350. That this claim is invalid does not necessarily render the other claims of the original, reproduced in the reissue, invalid. *Schillinger* v. *Greenway Co.* 24 O. G. 495; [S. C. 17 FED. REP. 244;] *Gage* v. *Herring*, 107 U. S. 640; [S. C. 2 Sup. Ct. Rep. 820.] In the first claim in both, what is called a slide in the original is called a carrier in the reissue. The description of it or of its operation is not changed. The claim is in substance the same in both. Only the first, second, fifth, seventh, tenth, and twelfth claims, besides the fourth claim of the reissue, are said to be infringed. . The fifth claim is merely for feeding the blanks under the table which supports the gum-box, instead of over it. The machinery described, some of which is the subject of other claims, does feed the blanks under that table. The claim is merely for that function or mode of operation of that machinery. As such, this function or mode of operation does not seem to be patentable apart from the machinery. *McKay* v. *Jackman*, 20 Blatchf. 466; 12 FED. REP. 615. Want of novelty of the other claims is alleged, and infringement of them is denied.

Envelope machines were in use before this invention. This inventor was entitled to and claimed a patent only for his improvements. Slides or platforms to hold envelope blanks, lifters, or pickers, to receive gum on their faces and take it to the proper place on the blank, and, by its adhesiveness, to lift them so they could be taken by carriers or conveyors, carriers or conveyors to take them to a creasing box, creasing boxes to crease them, and folding apparatus to fold them, were all then known. The seventh claim is for a balance weight connected with this form of conveyor; and the twelfth, for ribs on the face of the plunger which works in the creasing-box, and presses the envelopes after they are folded. The defendants are not found to make use of either of these devices, or what is the equivalent of either, in the working of this invention.

In this invention the lifters or pickers, after receiving gum on their faces, fall by their own weight upon a pack of blanks on a movable slide, which receives the pack and carries it to and holds it in the proper place, and lift the upper blank until it is disengaged by the table supporting the gum box, and taken by the conveyor under the table and steadied by it to the creasing box. This combination of the movable slide and falling lifters and arrangement of the table and conveyor form the subjects of the first and second claims. Also, a cam and roller, connected with the plunger, bring its face to a pressure upon the envelope to stick its folds firmly after it has been folded. This cam and roller, in combination with the plunger, are the subjects of the tenth claim. Careful and repeated examinations of the machines and patents put in evidence to show anticipations and want of novelty have failed to discover such combinations and arrangements as those covered by these three claims. The falling lifters, the arrangement of the table over the conveyor to steady the blank, and the combina-

tion of the cam and roller with the plunger, appear to be new with this invention. These claims, therefore, appear to be valid. The defendants' machines have the movable slide to carry the pile of blanks to the proper position under the pickers, the falling pickers, and the conveyor arranged under the table supporting the gum-box; they also have the cam and roller pressing the support of the envelope against the plunger, instead of the plunger against it, to press it. The support is the equivalent of the plunger for this purpose. Therefore, the defendants are found to infringe these three claims by the use of the machines made during the life of the patent in violation of the rights of the inventor; and it appears that they would continue the use if not restrained.

It is claimed that the inventor so conducted himself, by seeing machines similar to those of the defendants made without claiming that they infringed his patent, that neither he nor the oratrix, as his personal representative, could have any equitable right to restrain their use. It does not appear, however, that he led the defendants into any expenditure or course of conduct by his silence when he ought to have spoken which they would not have made or followed if he had spoken. The fact of the patent was open to them, as well as known to him. They could respect it, or take the risk of having what they did turn out to be an infringement. They chose the latter course, and he does not appear to have been responsible for their choice. The oratrix appears to be entitled to an injunction to restrain the use of so much of these machines as were infringements when they were made. *Crossley* v. *Derby Gas-light Co.* Webst. Pat. Cas. 119; 4 Law Jour. (N. S.) Ch. pt. 1, p. 25; *American, etc., Co.* v. *Sheldon,* 18 Blatchf. 50; [S. C. 1 FED. REP. 870;] Curt. Pat. § 436. The right to an account for past infringement follows.

Let there be a decree that the first, second, and tenth claims of the patent are valid and have been infringed, and for an injunction against the use of such parts of machines as were made in violation of those claims, and for an account, with costs.