### REAY *v.* BERLIN & JONES ENVELOPE CO.

*(Circuit Court, S. D. New York. March 19, 1887.)*

PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—PLEADING—AMENDMENT—REISSUE.

In a suit in equity to restrain infringement of an original patent, and for account of profits and damages for past infringement, the defendant answered that the patent sued on had been surrendered and reissued. *Held* within the power of a court of equity to allow an amendment of the bill to cover the reissue.

In Equity.

*Arthur v. Briesen*, for plaintiff.

*Joseph C. Clayton*, for defendant.

WHEELER, J. An injunction against further infringement, and an account of profits and damages for past infringement of the plaintiff's patent, was decreed on final hearing; and the jurisdiction of this court,

in equity, of the cause was much considered in making that decree. 19 Fed. Rep. 311; *Reay* v. *Raynor*, Id. 308. On application of the defendant, in consideration of special circumstances needless to be stated, a reargument of the question of jurisdiction in equity was granted, and a stay of proceedings on the accounting, meanwhile, entered. The reargument has been had. The bill was brought on an original patent; the defendant answered that it had been surrendered and reissued; the patent expired; and after that the bill was amended to cover the reissue. This amendment appears to have been clearly within the power of the court. The ground for relief was the exclusive right of the owner of the patent to practice the invention. This was the same under each patent. The statement of the patent was merely a statement of the title to the exclusive right. The change of the statement from that of the original to the reissue was merely circumstantial. The case stated before the amendment was one for equitable cognizance. The amendment accomplished a more correct statement of the same case, within *Hardin* v. *Boyd*, 113 U. S. 756, 5 Sup. Ct. Rep. 771, (now much relied upon by defendant,) and *The Tremolo Patent*, 23 Wall. 518. The case made was not only one in which equitable relief might be granted, but one in which it was granted by issuing an injunction against the further use of machines made during the term of the patent, in violation of the rights secured by it. The propriety of this relief is not now under consideration, but only the jurisdiction in equity to decide upon it, and deny or grant it. Such jurisdiction appears to be well sustained by *Clark* v. *Wooster*, 119 U. S. 322, 7 Sup. Ct. Rep. 217.

Stay vacated.