COFFIELD et al. v. FLETCHER MFG. CO.

(Circuit Court of Appeals, Sixth Circuit. February 18, 1909.)

No. 1,850.

PATENTS (§ 148*) — SUIT FOR INFRINGEMENT—EFFECT OF APPLICATION FOR RE-ISSUE.

Where a patentee, pending a suit for infringement, applies for a reissue under Rev. St. § 4916 (U. S. Comp. St. 1901, p. 3393), on the ground that the specification of his patent is insufficient and such reissue is granted, he is estopped to claim that the specification was sufficient, or to further maintain the suit for the infringement of the patent.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 148.*]

Appeal from the Circuit Court of the United States for the Eastern District of Kentucky.

R. J. McCarty, for appellants.

E. E. Wood and W. R. Wood, for appellee.

Before LURTON and SEVERENS, Circuit Judges, and KNAPPEN, District Judge.

SEVERENS, Circuit Judge. It appears from the transcript in this case that the appellants filed their bill of complaint in the court below on June 9, 1906, charging the appellee with infringing the rights secured by letters patent No. 806,779, granted to Peter T. Coffield December 12. 1905, for improvements in water motors, of which the appellants are assignees. The appellee appeared, and on July 26, 1906, answered, setting up the usual defenses, that the patentee was not the original inventor of the said improvements, and that the appellee had not infringed. A replication having been filed, testimony was taken, and on June 11, 1907, the cause was submitted to the court. While the cause was under consideration and before it had been determined, the appellee filed a motion to dismiss the cause for the reasons set forth in the motion, and which were not denied, namely, that while the cause had been pending, and on July 28, 1906, the appellants had applied for a reissue of said patent under the provisions of section 1916 of the Revised Statutes (U. S. Comp. St. 1901, p. 3393), which application had been allowed, and a reissued patent, numbered 12,719, had been granted. The appellants moved for leave to file a supplemental bill, which they tendered, alleging the facts in regard to the reissue as above stated, and praying that the cause be continued upon the footing of the original and supplemental bills. Leave to file the supplemental bill was denied, and the motion to dismiss the original bill was granted. From the action of the court in both these respects, the complainants have appealed. The section of the statutes above referred to reads as follows:

"Section 4916—Whenever any patent is inoperative or invalid, by reason of a defective or insufficient specification, or by reason of the patentee claiming as his own invention or discovery more than he had a right to claim as new, if the error has arisen by inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, the Commissioner shall, on the sur-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

render of such patent and the payment of the duty required by law, cause a new patent for the same invention, and in accordance with the corrected specifications, to be issued to the patentee, or, in case of his death or of an assignment of the whole or any undivided part of the original patent, then to his executors, administrators, or assigns, for the unexpired part of the term of the original patent. Such surrender shall take effect upon the issue of the amended patent. The Commissioner may, in his discretion, cause several patents to be issued for distinct and separate parts of the thing patented, upon demand of the applicant, and upon payment of the required fee for a reissue for each of such reissued letters patent. The specifications and claim in every such case shall be subject to revision and restriction in the same manner as original applications are. Every patent so reissued, together with the corrected specifications, shall have the same effect and operation in law, on the trial of all actions for causes thereafter arising, as if the same had been originally filed in such corrected form; but no new matter shall be introduced into the specification, nor in case of a machine patent shall the model or drawings be amended, except each by the other; but when there is neither model nor drawing, amendments may be made upon proof satisfactory to the Commissioner that such new matter or amendment was a part of the original invention, and was omitted from the specification by inadvertence, accident, or mistake, as aforesaid."

In the reissue, the single claim of the old patent was carried into the new and stands as the second. A new claim was inserted, standing as the first. The specifications were amended for the purpose of making them more definite.

We shall first deal with the order for the dismissal of the original bill, for, if that was a proper decree, the application for leave to file a supplemental bill fell with it. Counsel for the appellants urges that the bill should not have been dismissed because—and these are the principal reasons assigned—the original patent contained only a single claim, and this was continued without variation in the reissued patent; that each claim in a patent represents a single distinct invention, as much so as if there were so many patents for as many inventions; that the reissue was not a new grant so far as the original claim was concerned, but a renewal of the old one; and, further, it is urged that, the original grant being valid, the patentee had, in consideration of the disclosure of his invention, acquired a substantial property right, and that in consequence of the infringement of it he had a right to the profits and damages arising therefrom, of which he ought not to be deprived; that these were vested rights, and that what happened to the patent thereafter could not annul them; that as between him and the infringer nothing had occurred which should release the latter from his liability; and, further, that the United States had no interest in depriving the patentee of his remedy against the infringer. At first blush the argument seems plausible. But on looking deeper into the matter, we find cogent reasons why it should not prevail.

When the patentee came to ask for a reissue, he was confronted with certain conditions on which only could the reissue be permitted. One was that the specifications of his patent, as it stood, were inoperative. He was obliged to aver and prove that they were so. This was the ground on which the patentee applied in the present case. And he made the necessary avowal in his application. If this was true, the patentee had been exploiting a patent which, though it might

have contained the germ of an invention, was practically useless to the public, for a patent which does not disclose a way to work or use the invention does not constitute the expected consideration for the grant. Having averred in a solemn manner, and to induce the granting a reissue, that the fact was as just stated, he was estopped from claiming otherwise. In that case the government owed him no protection, and it would follow that private individuals were not bound to regard him as entitled to a monopoly. It was therefore perfectly just that the government should so legislate that the patentee should not be at liberty to prosecute others as infringers who had, while the old patent was running, disregarded the patentee's exclusive claim. And it has been constantly held that such is the effect of a surrender and a reissue obtained under the provision of the section of the Revised Statutes, above cited. Moffitt v. Garr, 1 Black, 273, 17 L. Ed. 207; Reedy v. Scott, 23 Wall. 352, 23 L. Ed. 109; Peck v. Collins, 103 U. S. 660, 26 L. Ed. 512; Gage v. Herring, 107 U. S. 640, 2 Sup. Ct. 819, 27 L. Ed. 601; Coon v. Wilson, 113 U. S. 268, 5 Sup. Ct. 537, 28 L. Ed. 963; Eby v. King, 158 U. S. 366, 15 Sup. Ct. 972, 39 L. Ed. 1018; Allen v. Culp, 166 U. S. 501, 17 Sup. Ct. 644, 41 L. Ed. 1093; McCormick Machine Co. v. Aultman, 169 U. S. 606, 18 Sup. Ct. 443, 42 L. Ed. 875.

Of course, the question will always be presented to the patentee who has a patent of doubtful validity or value, on account of defective or insufficient specifications, whether he will continue to do the best he can with the patent he has, or surrender it and obtain something which will more clearly manifest the invention he supposes himself to have made, more adequately explain the manner of its use, and more certainly obtain the protection due to it, a protection which he would have had if he had in the first instance proceeded in the manner which the law requires and made his specifications clear. He must take the risk of his choice. But this is the common experience in most business affairs.

We have, in what precedes, assumed that a patent, although the specifications be defective or insufficient, might still not be utterly void. It seems necessary to assume this because of the importance which the Supreme Court has attached to the right of the patentee to recall his patent if a reissue is not allowed. Allen v. Culp and McCormick Machine Co. v. Aultman, supra. It is possible, however, that this right to recall the patent was regarded as a privilege, to which he was entitled, to have the validity of his patent determined by a judicial decree. We need not speculate, however, upon this subject, which is involved in some intricacy, for the general proposition that the surrender of the patent upon a reissue involves the cessation of all rights acquired under it has long been settled.

We think the court did not err in dismissing the bill, there being no controversy about the facts which required the framing of an issue.

The decree of the Circuit Court must be affirmed, with costs.

NOTE.—The following is the opinion of Cochran, District Judge:

COCHRAN, District Judge. This cause has been heard orally and on brief, and submitted for disposition. Pending the consideration thereof by the court,

to wit, on November 12, 1907, a reissue of the patent sued on was granted by the Commissioner of Patents upon an application made prior to the submission, but after the bringing of the suit, to wit, on July 28, 1906. Thereupon the defendant moved the court to dismiss the bill at complainants' costs. Pending the hearing of the motion the complainants moved the court to permit them to file a supplemental bill setting up the reissued patent, or, if not, to file an original bill thereon, with an order that the testimony taken in this suit may be used in the new suit. Pending both these motions, the defendant tendered a supplemental answer, setting up the reissued patent, and moved the court to file same. Of course, each of these motions involves a motion that the order of submission herein heretofore made be set aside and that further action be taken as moved.

In order to properly dispose of these motions it is essential to understand the effect of the granting of the application for a reissue of the original patents, and the reissue thereof, on existing rights. It amounts to a surrender of the original patent. Indeed, it is provided (section 4916, Rev. St. [U. S. Comp. St. 1901, p. 3393]) that the power of the Commissioner of Patents to cause the new patent to be issued is conditional upon the surrender of the original patent, and that it shall take effect from the issue of the new patent. With the surrender of the original patent goes all rights thereunder. These include the right to further prosecute existing suits. In the case of Moffit v. Garr, 1 Black, 273, 17 L. Ed. 207, an action at law to recover damages for an infringement of a patent was dismissed, pursuant to a plea that since the commencement of the suit the plaintiff had surrendered his patent. Mr. Justice Nelson said: "A surrender of the patent to the Commissioner, within the sense of the provision, means an act which in judgment of law extinguishes the patent. It is a legal cancellation of it, and hence can no more be the foundation for the creation of a right after the surrender than could an act of Congress which has been repealed. It has frequently been determined that suits pending which rest upon an act of Congress fall with the repeal of it. The reissue of the patent has no connection with or bearing upon antecedent suits. It has as to subsequent suits. The antecedent suits depend upon the patent existing at the time they were commenced, and unless it exists and is in force at the time of trial and judgment the suit fails." And in the case of Peck v. Collins, 103 U. S. 660, 26 L. Ed. 512, Mr. Justice Bradley, in referring to the case of Moffit v. Garr, said: "Since the decision of this case it has been uniformly held that if a reissue is granted the patentee has no rights, except such as grow out of the reissued patent. He has none under the original. That is extinguished. And although, for the purpose of fixing a date to the title in a question of priority and of limiting the period for which the patent is to run, the date of the original patent is important, no damage can be recovered for any acts of infringement committed prior to the reissue." See, also, Meyer v. Pritchard, 131 U. S. ccix, 23 L. Ed. 961.

Such, then, being the effect of the reissuance of a patent, to wit, a surrender of the original patent and the foregoing of all existing rights thereunder, including pending suits, it would seem that there is no possible room for sustaining the first part of complainants' motion; i. e., to permit them to file a supplemental bill setting up the reissued patent and seeking a recovery thereunder. And so it has been expressly held in the case of Reedy v. Scott, 23 Wall. 352, 23 L. Ed. 109, Mr. Justice Clifford said: "Surrendered patents cease to be operative when the new patent is issued, from which it follows that such a patent, after the surrender, is not the proper foundation for an action at law or of a suit in equity to recover either as damages or profits for the infringement of the surrendered patent. Pending suits are defeated when it appears that the patent on which the suit is found has been surrendered, nor is a supplemental bill setting up the reissued patent a proper pleading to revise such a suit in equity, as nothing can be recovered either as damages or profits for the infringement of the surrendered patent." Again he said: "Where the patent expires and is extended pending the litigation, and the infringement by the respondent is continued in respect to the extended patent, a supplemental bill is a proper pleading to prolong the suit, as in that state of the case the complainant may well claim, if he is the original and first inventor of the improvement, to recover of the respondent the gains and profits made by the in-

fringement both before and subsequent to the extension; but the rule is otherwise where the original patent is surrendered, as the effect of the surrender is to extinguish the patent, and hence it can no more be the foundation for the creation of a right than can a legislative act, which has been repealed without any saving clause of pending actions. Consequently the infringement of the reissued patent becomes a new cause of action, for which, in the absence of any agreement, or implied acquiescence of the respondent, no remedy can be had, except by the commencement of a new suit."

In that case a supplemental bill setting up a reissued patent had been filed, and, though this was improper under the quotations thus made, the Supreme Court did not reverse for this irregularity. It was held that the irregularity had been waived, which may be done, as stated in the concluding clause of the last quotation. Mr. Justice Clifford set forth this waiver in these words: "Instances, however, may be found where, in such a case, the complainant sought his remedy in a supplemental bill, no objection having been made by the respondent; and such examples induce the court to disregard the irregularity in this case, inasmuch as neither the respondent nor the court below appear to have regarded it as a matter of any importance. Instead of that, the complainant was permitted to file his supplemental bill charging infringement as in case of an extended patent, and the respondent, making no objection to the regularity of the bill, refiled the plea which he had filed to the original bill of complaint, accompanied with a general denial of every material allegation contained in the supplemental bill, as subsequently amended by leave of the court. Subsequently the proofs exhibited were taken, and, the parties having been heard, the court entered the aforesaid decree, deciding the whole case, as more fully set forth on the record. None of the proofs were taken before the reissued patent was granted, nor until after the supplemental pleadings were completed."

In view of the fact that the question had been waived in this case, it may be claimed that what is said as to the impropriety of a supplemental bill in such a case was a mere obiter dictum, and probably rightly so; but in the case of Fry v. Quinlan, Fed. Cas. No. 5,140, the question was directly involved, and it was held that a supplemental bill cannot be filed in such a case if seasonable objection is made thereto. That case was decided after, but in the same year that the case of Reedy v. Scott was decided; but no reference was made in the opinion therein to that case. In that case the original bill was filed under a patent that was afterwards surrendered upon a reissue. The complainant thereupon applied for leave to file a supplemental bill founded upon the reissued patent, and asked for an injunction. The motions were denied. The decision was rested on the authority of Moffit v. Garr, supra. Judge Johnson said: "It is true that the point decided in that case was that the surrender barred an action at law for a previous infringement; but the ground upon which the decision is put is equally applicable to a suit in equity." He then pointed out that it was contrary to the function of a supplemental bill for it to be filed in such a case. He said: "It is not, in general, the function of a supplemental bill to restore or renew a cause of action which has ceased to exist. Such a bill, on the contrary, rests on the equity of the original bill, and seeks to apply it under altered circumstances, but in the enforcement of the same right." As to the proper procedure to be had he said: "In order to avail himself of any rights he may have upon the facts stated in the supplemental bill, the complainant must proceed by original bill founded on the reissued patent, as was done in Orr v. Badger, Fed. Cas. No. 10,587."

In support of the application for leave to file the supplemental bill, the following authorities are relied on, to wit: Littlefield v. Perry, 21 Wall. 205, 22 L. Ed. 577; Reay v. Raynor (C. C.) 19 Fed. 308; Same v. Berlin & Jones Envelope Co. (C. C.) 30 Fed. 448; Woodworth v. Stone, Fed. Cas. No. 18,021; Dental Vulcanite Co. v. Wetherbee, Fed. Cas. No. 3,810; Tremolo Patent, 23 Wall. 518, 23 L. Ed. 97.

In the case of Littlefield v. Perry it does not appear, save inferentially, that there was a supplemental bill; and, if there was one, no objection to its being filed was made, and any objection that could have been made thereto was waived. In one of the quotations made from the opinion of Mr. Justice Clifford in Reedy v. Scott, supra, he says that: "Instances can be found

where, in such a case, the complainant sought his remedy in a supplemental bill, no objection having been made by the respondent, and such examples induce the court to disregard the irregularity in this case." Possibly the case of Littlefield v. Perry is one of the instances or examples which the learned justice had in mind. It is not exactly clear what patents were the subject of recovery in Littlefield v. Perry; but certainly it was not held therein that a recovery could be had on a surrendered patent after the surrender, or that the reissued patent could be set up by supplemental bill, if seasonable objection is made thereto. There is nothing in the case that squints at either position, and, if there were, it could not prevail over the abundant authority otherwise.

The case of Reay v. Raynor was not a case like the one we have in hand. It was not a suit on an original patent whilst in force, but which was subsequently and pending the suit surrendered. The original patent had been surrendered and the reissue granted long before the suit was brought. The suit was brought on the original patent, when it should have been brought on the reissue. By an amended bill the suit was changed from the one to the other. It was held that this could be done. Whether rightfully so or not, it is not necessary to determine herein. We have no such case here. What is involved here is a supplemental bill, and not an amended bill.

The cases of Woodworth v. Stone and Dental Vulcanite Company v. Wetherbee should be considered together, as they arose in the same district, that of Massachusetts. In each case suit was brought on the original patent before its surrender, and thereafter upon its surrender a supplemental bill was filed setting up the reissue. In neither case was any objection made to the practice pursued, to wit, of setting up the reissue by a supplemental bill. That seems to have been the recognized practice in that district at the time these cases were decided. Possibly these are two more of the instances or examples to which Mr. Justice Clifford referred in his opinion in Reedy v. Scott. The latter case, no doubt, was one of them, as he rendered the decision therein. Concerning that case Judge Johnson had this to say in the close of Fry v. Quinlan, supra: "The case only shows that in the district of Massachusetts it is in fact the usual practice to file a supplemental bill upon a reissued patent before surrender. It does not appear how or upon what view of the right of the parties that practice was established. The statute only declares that the reissued patent with the corrected specification shall have the same effect and operation in law on the trial of all actions for causes thereafter arising as if the same had been originally filed in such corrected form. Rev. St. § 4916 (U. S. Comp. St. 1901, p. 3393). But this declaration gives no countenance to the idea that the reissued patent can be availed of to sustain and render effectual a suit the basis of which is taken away by the act of the party in surrendering his patent."

In the Tremolo Case the reissue involved was granted before the suit, and in the suit both parties treated it as if it was a suit thereon. The respondent was held to this action on his part, and not allowed to claim that the reissue was not sued on.

There is, then, nothing in any of these decisions controverting Reedy v. Scott and Fry v. Quinlan, and the principles on which they are based. The order of submission is set aside, as such seems to be the desire of both parties. The motion for leave to file a supplemental bill must be overruled.

As to the motion to be permitted to file a new bill and for an order that the testimony taken herein may be used in the new suit thus instituted, there is to be said: The complainants had a right to bring a new suit without leave of court; and it is not proper to make an order in this suit as to what shall be done in the new suit. Such an order can only be made in that suit. Of course, testimony taken herein relevant in the new suit can be used therein; but that is not a matter to be determined herein.

Then, as to the defendant's motion to dismiss the bill at complainants' cost, both parties appear before me, stating that the original patent has been surrendered and reissue granted pending the litigation, and seek action of the court on the basis of that fact. One seeks to have the bill dismissed. The other seeks alternative relief heretofore stated. In view of this, I think I am justified in accepting such to be the fact, and act accordingly, without any new pleadings. Both parties are agreed that the case should not and cannot pro-

gress as it is. This being the case, this cause has come to an end, and should be dismissed. An order will be entered dismissing the bill; each party paying its own costs. I think this is equitable.

I have not considered the question as to the validity of the reissue, and the effect of the surrender and reissue on intervening rights, which have been discussed by counsel, as they are not involved herein.

The motion to file supplemental answer is overruled.