## OLIVER CARLTON & others *vs.* CITY OF SALEM & others.

The Gen. Sts. *c.* 18, § 79, give no right to ten or more taxable inhabitants of a town or city to maintain a suit or petition in equity to enjoin it or its officers against doing or omitting to do acts with the purpose of voting in the future to raise money by illegal taxation to defray expenses or meet liabilities to be incurred by such doing or omission.

Except under the Gen. Sts. *c.* 18, § 79, the equity jurisdiction of this court does not extend to compelling the performance of a duty by a municipal corporation or its officers upon the suit of individual inhabitants.

In disregard of the provision of the St. of 1864, *c.* 268, § 13, that the city council of Salem should establish such rates for the use of water introduced into the city under that statute as to provide annually, if practicable, from the net income thereof, for paying the interest and part of the principal of the water loan; and with the purpose of distributing the water free, and raising by illegal taxation money to maintain the waterworks and meet the liabilities above named; the city council established water rates merely nominal, and the water commissioners made contracts to supply the water at nominal prices. *Held*, that this court had no jurisdiction in equity to remedy this grievance upon the suit or petition of individual inhabitants of the city.

PETITION by ten and more taxable inhabitants of the city of Salem, alleging that the city council, in disregard of § 13 of the St. of 1864, *c.* 268, had by an ordinance established merely nominal rates for the use of the water introduced into the city from Wenham Pond under that statute, and that a board of water commissioners, established by another ordinance of the city council, had made certain contracts under the first named ordinance to supply families and manufacturing corporations with the water at merely nominal prices; that it was the intention of the city by these acts " to distribute and supply water to the inhabitants of said city substantially free, or at such small and colorable rate that only a trifling amount will be raised from the rents and prices of water, and that all the balance of the interest

on the water loan, and the expenses of operating the water-works, are to be raised by taxation upon the property and polls of the citizens and taxpayers, whether they use said water or not, or whatever quantity of water they may use;" that the ordinance first named and the proceedings of the water commissioners "are a virtual vote and attempt to raise by taxation, or pledge of the credit of the city, or to incur liability and pay from its treasury, money which it has no legal right or power to raise or pay in such a manner;" that "the whole proceeding under and including said first named ordinance is a violation and abuse of the legal rights and powers of said city, and of said city council, and of said water commissioners;" and that "by these proceedings the petitioners are injured by having unjust, unequal and illegal burdens cast upon them and their property, and have no adequate remedy at law." The prayer was for an injunction on the city and the water commissioners against supplying the water at such nominal rates, and that the city might be required and decreed to charge and receive such rates for the water as were prescribed in said § 13 of the St. of 1864, *c.* 268. The defendants demurred for alleged want of jurisdiction; and the case was thereupon reserved by *Gray*, J., for the determination of the full court.

*S. Bartlett*, (*J. A. Gillis* with him,) for the respondents.

*J. W. Perry*, (*W. C. Endicott* with him,) for the petitioners.

MORTON, J. We are of opinion that the court has no jurisdiction in equity in this case, and that the demurrer must be sustained.

The Gen. Sts. *c.* 18, § 79, provide that "when a town votes to raise by taxation or pledge of its credit, or to pay from its treasury, any money, for a purpose other than those for which it has the legal right and power, the supreme judicial court may, upon the suit or petition of not less than ten taxable inhabitants thereof, briefly setting forth the cause of complaint, hear and determine the same in equity." Assuming that all the facts alleged in the bill are true, yet the plaintiffs have not brough themselves within the provisions of the statute. There is no allegation that the city of Salem has voted to raise by taxation, or by a pledge of its credit, money for an illegal purpose, or tha'

it has voted to pay from its treasury any money for such purpose. The allegations of the bill are, in substance, that the city has passed certain ordinances and made certain contracts in regard to the distribution of water, and the establishing of rates therefor, which must lead to taxation in the future for an illegal purpose, and that the city intends to raise money hereafter by taxation or pledge its credit for such purposes. These facts are not sufficient to bring the case within the statute. By its plain provisions, it is not until a town or city votes to raise money by taxation or a pledge of its credit, or votes to pay money from its treasury for an illegal purpose, that the right of ten or more inhabitants to maintain a suit in equity arises.

But the plaintiffs' counsel contend that this bill may be sustained under the general equity jurisdiction of the court, independently of the statute. No authority is produced to sustain this position, and we are unable to see any principle of equity jurisdiction under which the bill can be maintained. The only ground suggested is, that the city and its officers are trustees for the management of the waterworks; but the case of *Hale* v. *Cushman*, 6 Met. 425, seems decisive against this view; for, although the equity jurisdiction of the court has been enlarged since that case was decided, it has been by extending it to other subjects, and the court then had full jurisdiction in relation to the enforcement and regulation of trusts.

The cases of *Simmons* v. *Hanover*, 23 Pick. 188, and *Cooley* v. *Granville*, 10 Cush. 56, cited by the plaintiffs, were brought under the St. of 1839, *c.* 60, which expressly conferred jurisdiction in such cases. This statute and the seventy-ninth section of chapter eighteen of the General Statutes create a strong implication against the existence of the general equity jurisdiction claimed in this case. These statutes, enacted for the purpose of conferring jurisdiction, were unnecessary, if the court already had jurisdiction of the subjects embraced in them. The object of the bill in this case is to compel the city of Salem and its officers to perform a duty imposed by law. We are of opinion that a bill in equity by one or more of the inhabitants, to enforce this duty, cannot be maintained.

*Demurrer sustained.*