### DOWELL v. MITCHELL.

### MITCHELL v. DOWELL.

Where a note for the debt of a firm was made by its surviving member, who, to secure its payment, executed a mortgage on real estate, which was the individual property of his deceased partners, — *Held*, that on the ownership being shown on the hearing of the foreclosure suit brought against him and their heirs the bill should be dismissed without prejudice, the ground of equitable relief not having been made out, and the complainant having a complete remedy at law to enforce the payment of the note.

APPEALS from the Circuit Court of the United States for the Eastern District of Arkansas.

These are cross-appeals from the same decree. The original bill was filed Aug. 22, 1877, by John H. Dowell and H. M. Mandeville, late partners under the name of J. H. Dowell & Co., against Askew, as administrator of the estate of Claiborne S. Barron, deceased, Margaret Barron, his widow, his three children, and William H. Brazell. Askew resigned pending the suit, and C. E. Mitchell, the administrator *de bonis non*, was made a party defendant in his stead.

It appears from the evidence that the complainants were cotton-factors and commission-merchants in St. Louis, and in that capacity acted for Barron and Brazell, who, Oct. 4, 1873,

formed a partnership under the name of Barron & Brazell, to continue two years. On Oct. 4, 1875, the day upon which the partnership expired by its own limitation, Barron died, the firm being then indebted to the complainants for advances in the sum of $15,989. Brazell as surviving partner was left in possession of the assets of the late firm, with which he continued business in the firm name, and on April 15, 1876, he had an accounting and settlement with the complainants, to whom there was found to be due $8,456. Thereupon he, in the name and as surviving partner of the late firm, made to them three notes, in the aggregate amounting to that sum, and to secure them executed a mortgage on a parcel of real estate in the town of Hope, in the State of Arkansas, the legal title to which was in Barron at the time of his death. The bill was to foreclose the mortgage. The defences were: (1) That there was nothing due from the late firm of Barron & Brazell on the notes; and (2) That neither Brazell nor the firm had any title to the real estate, but that it was the individual property of Barron, and that the mortgage was, therefore, void.

Upon final hearing the Circuit Court was of opinion that the amount specified in the notes was due to the complainants from Brazell and the estate of Barron, his late partner; that the real estate described in the bill, and alleged to be the property of the late firm, had never been its property, but belonged to Barron at the time of his death; that the title thereto was in his heirs; and that Brazell, as surviving partner, "had no right or authority to execute said mortgage on said property, and that said mortgage deed was void and of no effect."

Thereupon the court decreed that "so much of complainants' bill as prays a decree of foreclosure of said mortgage be denied," and rendered a decree against the administrator of Barron's estate and Brazell for the amount due on the notes purporting to be secured by the mortgage.

The complainants and the administrator appealed from this decree.

*Mr. Augustus H. Garland* and *Mr. W. F. Henderson* for Dowell.

*Mr. Solomon F. Clark* and *Mr. Samuel W. Williams, contra.*

MR. JUSTICE WOODS, after stating the case, delivered the opinion of the court.

Without going into a discussion of the evidence on the subject, we declare our opinion to be that the Circuit Court was right in holding that the title to the property described in the mortgage executed by Brazell in the name of the late firm of Barron & Brazell had never been either in the late firm or in Brazell, but was in Barron, the deceased member of the firm, at the time of his death, and that at the date of the mortgage the title of the mortgaged premises was in his heirs.

When this fact was established by the evidence, the court below, sitting as a court of equity, had no jurisdiction to proceed in the cause. There was nothing on which it could act but the promissory notes, and to enforce their payment the complainants had a plain, adequate, and complete remedy at law.

The rule is that where a cause of action cognizable at law is entertained in equity on the ground of some equitable relief sought by the bill, which it turns out cannot, for defect of proof or other reason, be granted, the court is without jurisdiction to proceed further, and should dismiss the bill without prejudice. *Russell* v. *Clarke,* 7 Cranch, 69; *Price's Patent Candle Co.* v. *Bauwen's Patent Candle Co.,* 4 Kay & J. 727; *Bailey* v. *Taylor,* 1 Russ. & M. 73; *French* v. *Howard,* 3 Bibb (Ky.), 301; *Robinson* v. *Gilbreth,* 4 id. 183; *Nourse* v. *Gregory,* 3 Litt. (Ky.) 378.

We are of opinion, therefore, that the decree of the Circuit Court should be reversed, and the cause remanded with directions to dismiss the bill without prejudice to an action at law on the notes which the invalid mortgage purported to secure; and it is

*So ordered.*