## EMORY v. THE HAZARD POWDER COMPANY.

1. Causes of action and remedies distinguished.
2. The insertion of two or more demands for relief in a complaint is not a misjoinder. When therefore a complaint demanded damages for a nuisance, and an injunction to restrain it, the Circuit judge committed no error in refusing to require the plaintiff to elect between these two remedies.

3. The admission of testimony which was introduced without objection cannot be made a ground of exception.

4. Under the allegations of a complaint that the life of plaintiff and her family were in danger from the explosion of defendant's powder magazine near by, evidence in plaintiff's behalf as to the construction and management of the magazine is competent and pertinent.

5. A matter may be a nuisance although it injuriously affects only one household. The judge therefore properly refused to charge "that if the jury find that the site of the powder magazine is such as to cause danger to the fewest persons, at the same time affording an accessible depot of supply, they must find for the defendant."

6. There is no error in refusing a request to charge where the matter so requested is substantially stated in the general charge.

7. The complaint made no allegation that defendant's magazine or powder were carelessly kept, but did allege that the magazine endangered the life of plaintiff and her family: *Held*, that the judge did not err in refusing to charge that the jury must consider the case as if the powder was kept with the greatest discretion and security.

8. In a law case questions of fact cannot be reviewed by this court.

9. This court declined to declare error in a charge which authorized the jury to find punitive damages where the only objections raised to such charge were that there was no testimony in the case to which it was applicable, and that its tendency was to inflame the minds of the jury against the defendant.

Before KERSHAW, J., Charleston, February, 1884.

This was an action by Ann H. Emory against the Hazard Powder Company, commenced December 13, 1882. The opinion sufficiently states the case. The judge charged the jury as follows:

Gunpowder is a legitimate article of commerce. Therefore the storing and the keeping of gunpowder in a magazine, properly constructed, is a lawful business and not in itself a nuisance. Whether the particular magazine is or is not a nuisance must be determined by the circumstances of the case. When trade in a dangerous article, such as gunpowder, assumes large proportions, storehouses for the proper keeping of such dangerous articles become necessary for the safety of the community. Yet though necessary, the erection of such structures as to the location and manner of construction must be consistent with the rights of person and property of other persons. No one has the right, in

pursuit of his own private business, to injure another in his person or property.

If the defendants have erected and maintained a powder magazine and kept explosives therein in such a manner, and in such a location, and of such a character as manifestly to injure the lives of the plaintiff, her family, or her servants, residing on her own premises, then the action would properly lie against the defendants as for a nuisance; as in this case. In order to establish the plaintiff's right of action it is necessary that you should find that either manifest danger or actual injury to the plaintiff, in her person or property, has resulted from the causes alleged in the complaint, and if there be neither apparent danger nor actual damage resulting from such causes, the verdict should be for the defendants. If, however, you find that such manifest danger, or actual damage to person or property has resulted to the plaintiff from the acts of the defendants complained of, your verdict should be for the plaintiff.

If you find for the plaintiff, you should find the actual damage done to her person or property, reasonably attributable to the causes alleged; and also such reasonable damages as you may think proper to compensate her for any mental fear or suffering which naturally and reasonably resulted from the alleged wrongful acts of the defendant. If you find anything in the case that shows a wanton or reckless disregard of the plaintiff's rights, amounting to criminality on the part of the defendants, you might add to your verdict such punitive damages as you think proper, to punish the defendants for such criminal acts, if any. Should you find for the plaintiff, your verdict should be for a given sum of money, expressed in writing, and written upon the complaint, and signed by the foreman. If you find for the defendant, you will simply say: "We find for the defendant."

*Messrs. McCrady, Sons & Bacot,* for appellant.

*Messrs. Lord & Hyde,* contra.

April 21, 1885. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. The plaintiff, respondent, in-

stituted the proceeding below, alleging, as a cause of action, that defendant, appellant, had erected upon its premises a powder magazine, within two hundred yards of the dwelling of respondent, and within twenty-five feet of the road leading to a ship yard, in which magazine the appellant intended to keep in store large quantities of gunpowder; that said magazine was erected, notwithstanding the respondent had given written notice that she objected to its location so near her dwelling. And in the 6th paragraph of the complaint, she alleged that the erection and maintaining of a powder magazine, on the premises aforesaid, greatly endangered the lives of herself, her family, and servants from explosion, and also the lives and property of the public travelling on said road; and she demanded judgment: 1st. That said nuisance be removed. 2nd. That she recover, of the defendant, five thousand dollars ($5,000) damages caused thereby, and the costs of action. The defendant, answering, denied the allegation of paragraph VI.; and for further defence alleged that said powder magazine was erected with the knowledge and consent of all the adjacent proprietors, save the plaintiff, whose dwelling is much further removed from its site, than that of one who consented to its erection.

The cause came on for trial before his honor, Judge Kershaw, at the February term for Charleston County, when the counsel for the defence moved that the plaintiff be required to elect whether she would sue for damages, or for an injunction against a continuance of the alleged nuisance, which motion, after argument, was refused. The trial then proceeded, ending with a verdict for the plaintiff in the sum of $500. The defendant appealed upon the following nine exceptions:

I. "Because his honor erred, in that he refused the defendant's motion to require the plaintiff to elect whether she would proceed for damages, or for injunction.

II. "Because his honor erred, in that he allowed the plaintiff to introduce testimony as to injury to her health, claimed to have been produced by the proximity of the defendant's powder magazine, when there was no allegation in the complaint charging such injury.

III. "Because his honor erred, in that he allowed the plaintiff

to introduce. testimony as to the construction of the magazine, and the conduct of the business, when there was no allegation in the complaint that the magazine was improperly constructed, or that the business was improperly conducted.

IV. "Because his honor erred, in that he refused to charge the jury as the defendant requested, 'that if the jury in this case find that the site of the magazine is such as to cause damage to the fewest persons, at the same time affording an accessible depot of supply, that they must find for the defendant.'

V. "Because there was no proof that the proximity of the magazine was dangerous to the lives of the plantiff and her family.

VI. "Because his honor erred, in that he refused to charge as the defendant requested, that the fears of the plaintiff, even though they may have been reasonable, will not create a nuisance.

VII. "Because there was no testimony introduced on the trial to show what, if any, were the damages complained of and sustained by the plaintiff, although his honor correctly charged the jury, 'therefore the storing and keeping of gunpowder in a magazine, properly constructed, is a lawful business, and not in itself a nuisance.'

VIII. "Because his honor erred in that he refused to charge the jury as the defendant requested, that there being no allegation in the complaint that the magazine or powder were carelessly kept, the jury must consider the case as if it was kept with the greatest discretion and security.

IX. "Because his honor erred, in that he charged the jury as follows: 'If you find anything in the case that shows a wanton or reckless disregard of the plaintiff's rights, amounting to criminality on the part of the defendant, you might add to your verdict such punitive damages as you think proper to punish the defendants for such criminal acts, if any;' when there was neither prayer for punitive damages, nor proof offered at the trial of any wantonness, recklessness, or criminality, nor any evidence at all introduced on the point."

We will consider these exceptions in their order. The first is as to the form of the action. The prayer of the complaint demands two kinds of relief—one equitable, and the other legal;

and it is contended that the plaintiff should have been required to elect between them; *i. e.*, whether she should proceed for the removal of the nuisance, or for the recovery of damages. In other words, in the opinion of the defendant, there was a misjoinder, and on that account the action could not proceed until the plaintiff had elected. No doubt there can be a misjoinder of causes of action, and when this occurs it is objectionable, and may be met, either by demurrer, by motion to make more definite, and perhaps by motion to require the plaintiff to elect; but can there be a misjoinder of remedies demanded, liable to be assailed as on misjoinder of causes of action?

Causes of action are very often confounded with remedies; and being regarded as synonymous, the rules established with reference to the one, are sometimes supposed to be applicable to the other. This, however, is a mistaken view of the subject, as a brief investigation will show. A cause of action may be defined in general terms to be a legal right, invaded without justification or sufficient excuse. Upon such invasion a cause of action arises, which entitles the party injured to some relief, by the application of such remedies as the laws may afford. But the cause of action, and the remedy sought, are entirely different matters. The one precedes and, it is true, gives rise to the other, but they are separate and distinct from each other, and are governed by different rules and principles. It is true, that the motive which prompts the action is a desire for relief, and to obtain this relief is the object of the action, and in this sense the relief sought is the cause of the action; but this is not the legal sense of the phrase "cause of action." On the contrary, that sense is as stated above; *i. e.*, a breach of one's legal rights.

When thus understood, and when the two are kept separate and apart as they should be, it will be seen at once, that while in some cases there may be a misjoinder, by the incorporation of two distinct causes in the same complaint, which would be subject to censure and correction, yet it does not follow, therefore, that the insertion of two or more demands for relief in the same complaint would constitute a like misjoinder, and subject to like censure and correction. On the contrary, inasmuch as oftentimes there springs from one cause of action several remedial rights,

entitling the party injured to several kinds of relief, it is not only not improper to unite several demands in such cases for relief, but failing to do so, the plaintiff might fail to secure the full measure of his rights. Hence we find numerous cases in the books, where two or more demands are made in the same complaint, and especially is this so in cases where the party is entitled to both legal and equitable relief, as in the case now before the court. See *Pomeroy on Remedies*, § 460, in which is given, as an example of this principle, the very form of action adopted below, to wit, an action to remove a nuisance by injunction, and for damages. We think the ruling of the Circuit judge was correct, both upon principle and authority. *Simonds* v. *Haithcock*, 18 *S. C.*, 604; *Davis* v. *Lambertson*, 56 *Barb.*, 480; *Pom. Rem.*, 460.

The second exception assigns error in that plaintiff was allowed to introduce evidence as to injury to the plaintiff's health caused by the proximity of the magazine. It does not appear that any objection was made to the introduction of this testimony. This exception, therefore, cannot be considered. *Burris* v. *Whitner*, 3 *S. C.*, 510; *Fripp* v. *Williams, Birnie & Co.*, 14 *Id.*, 508; *State* v. *Washington*, 13 *Id.*, 453.

The third exception raises a question as to the competency of certain testimony in reference to the construction of the magazine and the conduct of the business. The issue raised in the pleadings, on plaintiff's allegations and statement of her cause of action, was danger from explosion of the magazine. This being the issue it was certainly competent to show the construction of the magazine, and also the manner in which the business of keeping and storing the powder therein was conducted. Such testimony, as it appears to us, was not only competent, but decidedly pertinent to the issue involved.

The fourth, sixth, and eighth exceptions complain because his honor refused to charge the requests contained therein, as follows: 1. "That if the jury find that the site of the magazine is such as to cause danger to the fewest persons, at the same time affording an accessible depot of supply, that they must find for the defendant." The main question in the case was one of fact, and that was whether the magazine endangered the lives of the plain-

tiff, her family, and servants, residing on her own premises. The judge charged that if, from the evidence, the jury found that it did, then the action could be maintained as for a nuisance. No objection was made to this portion of the charge, and if this be good law, as no doubt it is, we do not see how the judge could have modified it as requested in this exception. It is not the number of persons affected by a matter that makes it a nuisance, but it is its injurious, offensive, and noxious character; and it is none the less a nuisance because it affects only one or two instead of a multitude. There may be a private as well as a public nuisance, the distinction being dependent upon the number affected, but the fact of nuisance itself does not depend upon number.

2. Because his honor refused to charge as requested, that the fears of the plaintiff, even though they may have been reasonable, will not create a nuisance. The judge charged this in substance, or at least the difference between what he directly charged and this request, if there be a difference, is so slight that it cannot be assigned as error. He said to the jury, "In order to establish the plaintiff's right it is necessary that they should find that either manifest damage or actual injury to the plaintiff in her person or property has resulted from the causes alleged in the complaint, and if there be neither apparent danger, nor actual damage resulting from such cause, the verdict should be for the defendant." This was in substance saying that something more was necessary than the mere fears of the plaintiff.

3. Because his honor erred in that he refused to charge as requested, "that there being no allegation in the complaint that the magazine or powder were carelessly kept, the jury must consider the case as if it were kept with the greatest discretion and security." We do not think that this conclusion followed as a matter of law, because the complaint contained no allegation of the kind suggested, not so much at least as to require the judge to charge the request as a legal proposition, especially in the face of the allegation in the complaint that plaintiff's life and that of her family and servants were in danger from the explosion of the magazine, which allowed her to introduce testimony on that subject though not specially alleged in the complaint.

The fifth and seventh exceptions involve questions of fact entirely and are beyond our review.

The ninth objects to that portion of the charge which refers to vindictive or punitive damages; not because there was error in the legal propositions announced, but because, in the opinion of appellant, there was no occasion for the announcement as there was no testimony in the case to which it was applicable; and further, because it had a tendency to inflame the minds of the jury against the defendant. We cannot go into a matter of that kind. Our province is to review the propositions of law laid down in the case. But even if it were proper for us to consider the objection as urged, we do not think that it is well taken.

It is the judgment of this court that the judgment of the Circuit Court be affirmed.