## STADELMAN ET AL. *v.* MINER ET AL.

ERROR TO THE SUPREME COURT OF THE STATE OF OREGON.

No. 644.   Submitted January 2, 1918.[1]—Decided April 15, 1918.

Under Jud. Code, § 237, as amended by the Act of September 6, 1916, a final judgment of a state court is not reviewable by writ of error if no treaty or statute or authority exercised under a State or the United States was drawn in question.

An objection that the judgment of a state court ordering sale of real estate denies due process to nonresident parties served by publication, in that the order was made before the service was complete under the state statutes, merely challenges the power of the state court to proceed to a decision, and this does not draw in question the validity of any authority exercised under the State, within the meaning of Jud. Code, § 237, as amended. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert*, 245 U. S. 162.

Writ of error to review 83 Oregon, 348, 379, 388, dismissed.

THE case is stated in the opinion.

*Mr. John M. Gearin* and *Mr. Harry G. Hoy* for plaintiffs in error.

*Mr. Guy C. H. Corliss* for defendants in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court. · .

The statutes of Oregon provide, that when it becomes necessary to sell real estate of a decedent in order to pay his debts (Lord's Oregon Laws, §§ 1252–1270), the admin-

---

[1] On January 7, 1918, the case was dismissed *per curiam* for want of jurisdiction, 245 U. S. 636; on March 18, 1918, a petition for rehearing was granted, the former dismissal set aside, and it was ordered that the case stand for consideration under the prior submission, *ante*, 311.

istrator shall file a petition therefor; and that a citation shall issue to heirs known and unknown "to appear at a term of court therein mentioned, not less than ten days after the service of such citation, to show cause, if any exist, why an order of sale should not be made as in the petition prayed for." § 1254. The statutes also provide for the service of unknown or non-resident heirs by publication for "not less than four weeks, or for such further time as the court or judge may prescribe." § 1255.

In 1897 Charles W. Fletcher died intestate in Oregon. His administrator filed in the county court a petition for the sale of the decedent's real estate in order to pay debts; and the citation was ordered to be served upon the unknown or non-resident heirs by publication in a newspaper for four weeks. Publication was made in conformity to the order, the first publication being on June 17, 1902. Under the statute, the state court finds that the hearing on the petition should not have been held before July 24th. It was actually held on July 17th; and an order of sale was then entered by the county court under which the property was sold to Nelson, through whom Miner and Worden claim title by mesne conveyances. The deceased had left surviving two children who were non-residents, Mrs. Stadelman and Henry H. Fletcher. Thereafter, these two and one Motley (a grantee from them of a part interest in the property) brought, in an appropriate state court of Oregon, an independent suit to quiet title and claimed to own the property on the ground that the order of the county court and the sale to Nelson thereunder were void. A decree was rendered by the trial court in their favor; and it was affirmed on appeal by the Supreme Court of the State, where two curative acts were unsuccessfully invoked to sustain the validity of the Miner and Worden title. 83 Oregon, 348, 355. A petition for rehearing was filed; and on January 30, 1917, the Supreme Court reversed its decision and the decree of the lower court and dis-

missed the suit. It held that failure to observe the statutory requirement as to time for hearing was a defect rendering the order voidable merely and not void; that the defect did not operate to deprive the county court of jurisdiction; that the defects could have been availed of only in a direct attack; and that it afforded no basis for a collateral attack, in an independent suit, upon the order and the sale thereunder. 83 Oregon, 379. This conclusion was confirmed by the same court upon a second petition for a rehearing. 83 Oregon, 388.

At the first argument of the case in the Supreme Court of Oregon, plaintiffs contended that to sustain the validity of the sale under the order of the county court would deprive them of their right to due process of law guaranteed by the Fourteenth Amendment (See Memorandum Opinion of this Court, *ante* 311). Upon this contention the case was brought here under § 237 of the Judicial Code. But under that section, as amended by Act of September 6, 1916, c. 448, 39 Stat. 726, a final decree of a state court of last resort can be reviewed here on writ of error only in a suit "where is drawn in question the validity of a treaty or statute of, or an authority exercised under the United States, and the decision is against their validity; or where is drawn in question the validity of a statute of, or an authority exercised under any State, on the ground of their being repugnant to the Constitution, treaties, or laws of the United States, and the decision is in favor of their validity." The judgment here involved was entered after the Act of September 6, 1916, took effect. There was not drawn in question the validity of any treaty or statute. And challenging the power of the court to proceed to a decision did not draw in question the validity of any authority exercised under the State. *Philadelphia & Reading Coal & Iron Co.* v. *Gilbert,* 245 U. S. 162; *Ireland* v. *Woods, ante,* 323. The writ of error is therefore

*Dismissed.*