**CENTRAL FLORIDA LUMBER CO. v. TAY-
LOR–MOORE SYNDICATE, Inc., et al.**

No. 6134.

Circuit Court of Appeals, Fifth Circuit.

July 6, 1931.

Rehearing Denied Aug. 7, 1931.

W. H. Baker, Geo. L. Rutherford, and Martin Sack, all of Jacksonville, Fla. (Baker, Baker & Rutherford, of Jacksonville, Fla., on the brief), for appellant.

N. B. K. Pettingill and Cody Fowler, both of Tampa, Fla. (Macfarlane, Pettingill,

Macfarlane & Fowler, of Tampa, Fla., on the brief), for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge (after stating the facts as above).

■ There was a misjoinder of parties. The Leach Syndicate was interested only in the recovery of $25,000 which it paid for the original option for thirty days. The assignee syndicates claimed $75,000 upon the subsequent payments, and an additional sum as attorney's fee. The three syndicates did not have a claim in common to the amount sued for. But it may be assumed that the misjoinder would not be fatal if the suit had been of such nature as to confer jurisdiction in equity. United States v. American Bell Telephone Co., 128 U. S. 315, 352, 9 S. Ct. 90, 32 L. Ed. 450. A bill of complaint which states a cause of action either at law or in equity is no longer subject to be dismissed on motion under Equity Rule 29 (28 USCA § 723); if it fail to state a cause of action in equity, but does state one at law, it should be transferred to the law side of the docket under Equity Rule 22 (28 USCA § 723), and 28 USCA § 397. Twist v. Prairie Oil Co., 274 U. S. 684, 47 S. Ct. 755, 71 L. Ed. 1297; Pierce v. National Bank of Commerce (C. C. A.) 268 F. 487. The averments of the bill, to the effect that appellant intended its representations to be relied on by the Leach Syndicate and its assignees, stated a cause of action at law. 12 R. C. L. 326. And so the motion to dismiss was properly denied.

■ Appellees contend that appellant, by failing to move to transfer the case to the law side of the docket, waived any right it may have had to insist upon a common-law trial. It is doubtless true that appellant, after its motion to dismiss was denied, should have moved that such transfer be made; nevertheless the court was not taken unawares, but must have understood that the right to proceed in equity was being challenged. Although a defendant may waive his right to have a case tried at law by failing to move to transfer it, yet if there be no jurisdiction in equity it is the duty of the trial court to order the transfer of its own motion. Brown, Bonnell & Co. v. Lake Superior Iron Co., 134 U. S. 530, 536, 10 S. Ct. 604, 33 L. Ed. 1021; Southern Pacific R. R. Co. v. United States (No. 1), 200 U. S. 341, 26 S. Ct. 296, 50 L. Ed. 507; Pusey & Jones Co. v. Hanssen, 261 U. S. 491, 43 S. Ct. 454, 67 L. Ed. 763.

■ We are of opinion that the bill failed to state a case over which an equity court could have exercised even concurrent jurisdiction. It has long been provided that suits in equity shall not be sustained where a plain, adequate and complete remedy may be had at law. 28 USCA § 384. In Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 277, 34 L. Ed. 873, it is said that, "where an action is simply for the recovery * * * of a money judgment, the action is one at law." There was no need to cancel the contract between the parties, as it could not possibly stand in the way of the recovery of a money judgment. There were no rights under that contract which appellant threatened or had the power to assert. Upon the failure of appellees to pay the first installment of the purchase price, the only right which appellant had left was to retain the money which it had received "as the price or consideration for tying up said lands under this option." Appellant had no right, and had not threatened or attempted, to compel specific performance or to sue for damages. A common-law action of deceit, or for money had and received, would have afforded a remedy as complete as was or could have been obtained in this equity suit. A charge of fraud or false representation will not give a court of equity jurisdiction where complete relief on that ground can be obtained in a court of law. See Adams v. Jones (C. C. A.) 11 F.(2d) 759, and authorities there cited, including the leading case of Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451.

The decree is reversed, and the cause remanded with direction to transfer it to the law side of the docket.