## UNITED STATES v. SMELSER.

### No. 8203.

Circuit Court of Appeals, Fifth Circuit.

Jan. 16, 1937.

**800**

HUTCHESON, Circuit Judge, dissenting.

Steve M. King, U. S. Atty., and Charles S. Pipkin, Asst. U. S. Atty., both of Beaumont, Tex.

J. Q. Mahaffey, of Texarkana, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a suit by the United States against a former referee in bankruptcy to recover multiple excessive fees paid to him from the funds of about forty estates. The total overpayments from January 1, 1927 to January 1, 1931, amount to $2,644.48. The suit is not upon the bond of the referee, although it is alleged that the fees were collected, while he was in office, from estates being administered by him, and that a bond was duly given. It further appears that the suit was brought on behalf of persons entitled to participate in said estates. A demurrer to the petition was sustained by the District Court, and judgment entered in favor of the referee. It is admitted by the demurrer that the referee has no right to retain the funds in controversy, because the fees were illegally paid to him by trustees in bankruptcy.

Section 61 of the Bankruptcy Act provides for the designation of depositories for funds of bankruptcy estates. 11 U.S.C.A. § 101. The moneys deposited therein are not in the registry of the court. Section 66 provides that dividends remaining unclaimed for a period of six months shall be paid into court (11 U.S.C.A. § 106); but the funds here involved were never set aside for dividends and cannot be regarded as dividends. Since section 66 applies only to unclaimed dividends (Johnson v. Norris [C.C.A.] 190 F. 459, L.R.A. 1915B, 884), it does not apply to these funds.

We think the contingent interest derived from the possibility of these funds being recovered by the estates, and thereafter being paid into the Treasury of the United States, is too remote to confer upon appellant any present right of action, either legal or equitable. If recovered, they would be paid into the depository for bankruptcy funds, and appropriated to the payment of dividends. Should the dividends, or any portion thereof, remain unclaimed for six months after the final dividend, the balance would be paid into the registry of the court. After remaining there unclaimed for a period of one year, they would be appropriated to payment of claims not satisfied in full, and any balance then remaining would be payable to the bankrupt. Finally, should any portion of these funds remain unclaimed by the bankrupt or the creditors for a period of five years, it would be paid into the Treasury of the United States. 11 U.S.C.A. § 106; 28 U.S.C.A. §§ 851, 852. It will thus be seen how remote is the possibility that the United States will become trustee of these funds.

This action was at law and proceeded to final judgment without the contention being made that it was of an equitable nature. In this court the suggestion is made that the cause should have been transferred to the equity docket. It is claimed that in equity the sovereign is entitled to maintain a suit in the nature of a bill of peace to settle the various controversies with the referee arising in bankruptcy estates. Before discussing remedies, let us examine the rights of appellant (1) at common law, (2) in equity, and (3) by statute. Causes of action should be distinguished from remedies. One precedes and gives rise to the other, but they are separate and distinct. The cause of action is not only different from the remedy but also from the relief sought. Emory v. Hazard Powder Co., 22 S.C. 476, 53 Am.Rep. 730; Frost v. Witter, 132 Cal. 421, 64 P. 705, 84 Am.St.Rep. 53; Hahl v. Sugo, 169 N.Y. 109, 62 N.E. 135, 61 L.R.A. 226, 88 Am.St.Rep. 539.

At common law, an "action" is defined by Lord Coke as a legal demand of one's right. Our Supreme Court says a cause of action comprises what a plaintiff must

prove to obtain judgment. Bradford v. Southern R. Co., 195 U.S. 243, 25 S.Ct. 55, 49 L.Ed. 178. To entitle a plaintiff to judgment, something more than a legal cause of action must exist; the right to maintain it must be in the person instituting the suit. In United States v. Brainerd (D.C.) 250 F. 1011, 1012, 1015, the court held that "the sovereign in its representative capacity has no implied power to demand a general accounting for the purpose of impounding funds collected in excess of that by law allowed for the benefit of individuals entitled thereto, because the state, through its public officials, should not so assist either party in a private controversy." See, also, Oklahoma v. Atchison, Topeka & Santa Fe Ry. Co., 220 U.S. 277, 31 S.Ct. 434, 55 L.Ed. 465.

■ That an action against the referee accrued at common law is clear, but it does not appear that such action accrued to the United States. Inasmuch as a plaintiff must recover on the strength of his own case rather than upon the weakness of his opponents, we conclude, upon the undisputed facts, that, at common law, the United States is not entitled to recover in a plenary action of this character.

■ Transferring the case to the equity side of the court would not help, unless an equitable right, in præsenti, existed in the United States. Equity generally follows the law, and the mere fact that, in the particular case before us, the legal remedy has failed will not justify the interposition of a court of equity. Rees v. City of Watertown, 19 Wall. 107, 121, 22 L.Ed. 72. Neither such failure nor the hardship of the case allows a court of equity to administer abstract justice at the expense of well-settled principles. Heine v. Levee Commissioners, 19 Wall. 655, 658, 22 L.Ed. 223; Carlton v. Salem, 103 Mass. 141, 143; Heilman v. Union Canal Co., 37 Pa. 100; Mitchell v. Dowell, 105 U.S. 430, 432, 26 L.Ed. 1142.

■ As administered in this court, equity has a precise, definite, and limited signification, and the facts of this case do not fall within any of the well-recognized principles which are employed in the exercise of its extraordinary jurisdiction. It is one of the requisites of maintaining a bill of peace that the complainant must first have established his right at law, though a court of equity will, if necessary, direct an issue to be tried for that purpose. Such requisite is wanting here, and, from the facts in this record, cannot be supplied.

■ It is undisputed that, by statute, the United States had the right to sue in its own name for the use of the beneficiaries of the trust, but that right was limited to a suit upon the bond, and was barred by lapse of time. Section 50 of the Bankruptcy Act provides that: "Bonds of referees * * * may be sued upon in the name of the United States for the use of any person injured by a breach of their conditions." But it also provides that such suits "shall not be brought subsequent to two years after the alleged breach of the bond." 11 U.S.C.A. § 78 (h), (*l*).

Since the right to sue is created by statute, and is coupled with a remedy which is prescribed in the same act, the remedy thus prescribed in conjunction with the right is exclusive, and must be followed. Pollard v. Bailey, 20 Wall. 520, 22 L.Ed. 376; Globe Newspaper v. Walker, 210 U. S. 356, 28 S.Ct. 726, 52 L.Ed. 1096.

As held in United States v. Whited & Wheless, 246 U.S. 552, 38 S.Ct. 367, 62 L. Ed. 875, where there are two remedies for the protection of the same right, one may be barred and the other may not be. The statutory remedy in this case was approved in United States v. Ward (C.C.A.) 257 F. 372, and no other remedy seems to exist in the United States as plaintiff in a civil action. See, also, Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, to the effect that, where a cause of action and the remedy for its enforcement are derived not from the common law but from the statute, the statutory provisions are exclusive, and must be complied with in all respects or the action is not maintainable.

■ The argument is made that no statute of limitations runs against the United States. This is undoubtedly true when the Government is the real party in interest, and is proceeding simply to assert its own rights and to recover its own property, but in this case it is not suing for the purpose of asserting any public right or protecting any public interest. The suit is brought on behalf of persons entitled to participate in the various bankruptcy estates. At best, the United States is only a formal party, acting to enforce the rights of private individuals. Therefore, the defense of limitation may be availed of as though the Government were out of the

case. United States v. Beebe et al., 127 U. S. 338, 8 S.Ct. 1083, 32 L.Ed. 121; U. S. v. Des Moines Navigation & R. Co., 142 U. S. 510, 12 S.Ct. 308, 35 L.Ed. 1099.

The judgment of the District Court is affirmed.

HUTCHESON, Circuit Judge (dissenting).

.The suit, filed on the law side of the docket, was for moneys appellee had collected and retained as due him out of various bankrupt estates administered by him as referee in bankruptcy from January 1, 1927, to January 1, 1932. The claim was that the amount sued for, $2,644.48, represented moneys appropriated by him personally in various estates in excess of fees, costs, charges, and commissions allowed bim by law, the general orders in bankruptcy, and the rules of the District Court, and therefore moneys which were the properties of the various estates administered. In addition to his defenses on the merits, appellee, by demurrers and pleas in bar, raised three objections to the maintenance. of the action: (1) The petition showed no right in law in appellant to the moneys or to maintain the suit. (2) If in law appellant ever had a right to sue, that right was barred by the two years statute of limitations of Texas. (3) That the wrongful receipt and retention of moneys which the suit charged against appellee constituted breaches of appellee's bond as referee. That action on that bond within the two years fixed by statute was the exclusive remedy for misapplication of bankruptcy funds, and more than two years having elapsed since the breaches complained of, no action could now be maintained on it.

The District Judge thought that the Texas statute of limitations of two years had barred the suit, and that the general demurrer was well taken. He sustained the demurrer and the plea of two years' limitation, and plaintiff declining to amend, dismissed the suit.

Appellant insists that the demurrer was wrongly sustained. It urges upon us that its contingent interest in the ultimate depositing with it under sections 851, 852, title 28 U.S.C.A., of moneys paid into United States courts and unclaimed for five years, and specifically its interest under section 106, title 11 U.S.C.A., in unclaimed dividends in bankruptcy, give it a sufficient proprietary interest in the funds to support its suit. It insists, further that, wholly apart from this interest, it has the right—as the sovereign interested in and responsible for, the faithful and just administration and accounting—by officers of its courts of bankruptcy, to sue in the interest of those entitled to them for moneys wrongfully diverted and withheld by its officers from the persons and estates of right entitled to them.

To appellant's claim of a contingent proprietary interest in the funds under section 106[1] appellee replies that that section provides, not for depositing unclaimed dividends with the United States, but for distributing them to others the statute names.

To the same claim advanced under sections 851, 852, he replies that those statutes have to do with and provide specific treatment for funds in the registry; they do not deal with the situation presented here, of moneys never covered into it.

We have held, in United States v. Cochrane, 87 F.(2d) 3, that under those sections the United States has a standing with regard to registry funds to oppose their being paid out to persons not entitled to them. But I agree with the majority that this is a different case. There the action and proceedings were provided for by statute. Here the right if it exists must be sought in other sources. If, therefore, I could agree with the majority that these statutes were the only possible basis of the claim of the United States to sue, I could agree with it that appellee's demurrer was properly sustained. I think it plain, however, that wholly apart from these statutes, the United States by its petition made a sufficient showing to entitle it to sue, not indeed at law for itself, but in equity, and for the use of those at interest in the estates in question, to compel the referee to

---

[1] "§ 106. Unclaimed dividends. (a) Dividends which remain unclaimed for six months after the final dividend has been declared shall be. paid by the trustee into court.

"(b) Dividends remaining unclaimed for one year shall, under the direction of the court, be distributed to the creditors whose claims have been allowed but not paid in full, and after such claims have been paid in full the balance shall be paid to the bankrupt. In case unclaimed dividends belong to minors such minors may have one year after arriving at majority to claim such dividends."

account to each estate as, to, and restore to it for administration there, all moneys he withdrew from it in excess of his rightful withdrawals. This action, in the nature of a bill of peace to settle in one suit controversies with the referee arising in various estates, was, I think, properly maintainable in equity by the United States for the use of those at interest in the various estates. United States v. Bell Telephone Co., 128 U.S. 315, 9 S.Ct. 90, 32 L. Ed. 450; Curtner v. United States, 149 U. S. 662, 13 S.Ct. 985, 1041, 37 L.Ed. 890; In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092; United States v. Rickert, 188 U.S. 432, 23 S.Ct. 478, 47 L.Ed. 532; Heckman v. United States, 224 U.S. 413, 32 S. Ct. 424, 56 L.Ed. 820. Cf. In re Singer Furniture Corporation (D.C.) 47 F.(2d) 780, and cases cited.

It is settled law that the United States may maintain a suit of this general nature on bonds of its court officers. United States v. Abeel (C.C.A.) 174 F. 12; United States v. Ward (C.C.A.) 257 F. 372. It is settled, too, generally, that suits brought by the United States as use plaintiff binds those for whom it sues. Heckman v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L. Ed. 820.

In my opinion neither any particular creditor interested in any of the estates, nor all of the creditors together, nor the United States could sue at law. The suit would have to be in equity for the use of the estates for a discovery of and accounting to them of moneys wrongfully withheld, with a reopening of the estates for a distribution of any moneys recovered as unadministered assets. In this view the limitation defenses appellee sets up will not avail him, for the suit being in equity to recover assets, and for an accounting, the statutes of limitation appellee invokes will not apply, while for the reopening of estates to recover, and administer undistributed assets, no limitation is provided.

In this view the conclusion of the District Judge that appellant's suit was at law in right of creditors having causes of action for debt against the referee, and since their actions, if so brought, would have been barred by the Texas statute of limitations of two years, appellant's action would be also, will not do. In this view the conclusion of the majority that the United States cannot sue in equity will not do either.

The District Judge did not pass upon appellee's third defense, that the action the statute gave on the referee's bond was exclusive, and precluded the United States from bringing any other action to recover misappropriated funds, but the majority does. This defense, in my opinion, is no better than the other two. Nothing in the statute, requiring the referee to furnish a bond and giving an action on it, in terms makes that action exclusive. No reason suggests itself why it should be regarded so. It is only where the action provided by statute is a special one, given to enforce a right the statute itself creates, Globe Newspaper Co. v. Walker, 210 U.S. 356, 28 S.Ct. 726, 52 L.Ed. 1096; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; Progressive Miners, etc., v. Peabody C. Co. (D.C.) 7 F.Supp. 340, or there is something in the terms of the statute, or in its necessary effect, which takes away an action already existing at law or in equity, that a statutory action can be deemed an exclusive one. In a situation of the kind presented here, every reasonable presumption should be against, rather than for, the view that the statutory action on the referee's bond was intended to be exclusive so as to forbid or prevent the maintenance by the United States of an equitable action, existing under general principles of law, to recover property diverted by him. United States v. Whited & Wheless, 246 U.S. 552, 38 S.Ct. 367, 62 L.Ed. 875; Cf. Dismuke v. United States, 297 U.S. 167, 172, 56 S.Ct. 400, 403, 80 L.Ed. 561; Shriver v. Woodbine Bank, 285 U.S. 467, 478, 52 S.Ct. 430, 434, 76 L.Ed. 884.

The fact that the suit was erroneously docketed and treated by the parties as on the law side of the court, while misleading, should not have been determinative of the case; for under the Judicial Code, § 274a, section 397, title 28 U.S.C.A.[2] the District Judge, the case having gone no further than a hearing on the demurrer, should have directed such amendment of the pleadings, if any, as was found necessary, and should have proceeded with the

---

[2] That section provides that "In case any United States court shall find that a suit at law should have been brought in equity * * * the court shall order any amendments to the pleadings which may be necessary to conform them to the proper practice. * * * The cause shall proceed and be determined upon such amended pleadings."

cause as one in equity, to determine the questions arising on the merits of the action. Liberty Oil Co. v. Condon Nat. Bank, 260 U.S. 235, 43 S.Ct. 118, 67 L.Ed. 232; Schoenthal v. Irving Trust Co., 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185; Cf. Wood v. Phillips (C.C.A.) 50 F.(2d) 714, at page 719; American Falls Milling Co. v. Standard B. & D. Co. (C.C.A.) 248 F. 487; Equitable Trust Co. v. Denver & R. G. R. Co. (C.C.A.) 250 F. 327; Central Florida Lumber Co. v. Taylor-Moore Syndicate (C.C.A.) 51 F.(2d) 1; Diamond Alkali Co. v. P. C. Tomson & Co. (C.C.A.) 35 F.(2d) 117; Clarksburg Trust Co. v. Commercial Casualty Ins. Co. (C.C.A.) 40 F.(2d) 626; Cf. Irons v. Smith (C.C.A.) 62 F.(2d) 644.

I respectfully dissent.