## UNITED STATES v. DOROUGH.
### No. 8199.

Circuit Court of Appeals, Fifth Circuit.
Feb. 10, 1937.

HUTCHESON, Circuit Judge, dissenting.

Steve M. King, U. S. Atty., and Charles S. Pipkin, Asst. U. S. Atty., both of Beaumont, Tex.

J. Q. Mahaffey, of Texarkana, Tex., and S. P. Sadler, of Dallas, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

The United States by its District Attorney, acting pursuant to the direction of its Attorney General, instituted this action at law against a former trustee in bankruptcy. The suit was filed both on behalf of the government and of various parties and estates due moneys wrongfully collected and retained by the trustee from the funds of 109 estates which were in his custody. The alleged extortions ran from January 1, 1927, to January 1, 1931, and aggregated $22,211.01. As permitted by the Texas practice, the defendant answered, demurred, and pleaded that the cause of action, if any, accrued more than two years prior to the filing of the petition, which lapse of time, he asserted, was a complete bar to this suit. The trial court held that no cause of action accrued to the United States by reason of the alleged illegal collections, except such as was barred by the lapse of time, and therefore sustained both the demurrer and the plea of limitation. The plaintiff declined to plead further, and judgment was entered dismissing its suit.

The cause is controlled by our recent decision in United States v. Smelser, 87 F.(2d) 799, which dealt with overpayments to a referee in bankruptcy during his term of office. It is true that a referee, unlike the trustee, is not a receiver or keeper of funds belonging to bankruptcy estates, but we do not regard the distinction as material in determining rights and remedies of the United States in a plenary civil action against the trustee in bankruptcy to recover moneys illegally collected and withheld as fees. In each instance the government must recover upon the strength of its own case, and not upon the weakness of its opponent's. Here, as in the case against the referee, we are met at the outset with the contention that no cause of action accrued to the United States, and our conclusion is the same, namely, that none accrued at common law, but that, by section 50 of the Bankruptcy Act (11 U.S.C.A. § 78), the right accrued to the United States to sue in its own name for the use of the beneficiary of the trust, but that right was limited to a suit upon the trustee's bond and was barred by lapse of time.

It is claimed that in equity the United States has an interest as a sovereign to enforce compliance with its laws, and, though no motion was made to transfer the cause, it is argued that this court, of its own motion, should direct its transfer to the equity docket, where, it is argued, the sovereign is entitled to maintain a suit in the nature of a bill of peace to settle the multiplicity of controversies between it and the trustee. We emphasized in the Smelser Case, supra, the importance of distinguishing rights from remedies, and called attention to the futility of considering remedies if no cause of action existed in the suitor. For the same reason, we shall not here discuss the nature of a bill of peace, except to say, as previously

pointed out, that one of its requisites is that the plaintiff must first establish his right at law, a requisite which is wholly absent in this case, and, from the facts shown by the record, it would be futile for a court of equity to direct an issue to be tried for the purpose of establishing a right which we have just held does not exist.

The judgment of the court below is affirmed.

HUTCHESON, Circuit Judge (dissenting).

For the reasons given in the Smelser Case, I dissent.