989 F.2d 1203
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Daniel E. REDNALL, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 92-3524.
 United States Court of Appeals, Federal Circuit.
 Feb. 17, 1993.
 
 Before RICH, MICHEL and SCHALL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Daniel E. Rednall petitions for review of the June 24, 1992 decision of the Merit Systems Protection Board (MSPB or Board) in Docket No. SE07529110266I-1 sustaining the action of the Department of the Army (Army) removing Mr. Rednall from his position as a motor vehicle operator. We affirm.
 
 BACKGROUND
 
 2
 The facts of the case are uncontested. Mr. Rednall began his employment with the Army in 1985. As a motor vehicle operator, he routinely transported men and equipment between military facilities in Alaska. On May 21, 1990, Mr. Rednall was arrested for driving while under the influence of alcohol ("DWI"). Subsequently, on July 31, 1990, he was convicted on the DWI charge and his driving license was revoked for 90 days. Mr. Rednall did not inform his supervisor of the DWI arrest, conviction, or license revocation, however, and continued to drive motor vehicles for the Army with a revoked license.
 
 
 3
 In November 1990, Mr. Rednall's supervisor learned of the DWI conviction, and on December 3, 1990, he initiated removal proceedings against Mr. Rednall for failure to notify the Army of the DWI conviction and for violating Army regulations requiring a motor vehicle operator to have a valid state driver's license. That same day, Mr. Rednall informed the Civilian Program Coordinator for the Army's Alcohol and Drug Abuse Prevention and Control Program (ADAPCP) that he wished to enter the alcohol treatment program. He formally entered the program on December 7, 1990.
 
 
 4
 Mr. Rednall did not contest the charges against him. Rather, he sought to excuse his conduct by claiming that he had not reported the DWI conviction and license revocation because he was afraid that if he did so he would lose his job, and as a result suffer adverse consequences in an ongoing child custody dispute with his former wife. He also requested that the removal action be held in abeyance pursuant to Army Regulation (AR) 600-85 § 5-5a(1), which provides in part:
 
 
 5
 Adverse actions for ... misconduct ... related to alcohol or other drug abuse will be postponed for 90 consecutive days for employees who are currently enrolled in and satisfactorily progressing in the ADAPCP....
 
 
 6
 In a January 25, 1991 decision removing Mr. Rednall, the Army determined that AR 600-85 § 5-5a(1) was not applicable to the circumstances of the case because alcohol had not directly contributed to Mr. Rednall's "conscious decisions" to conceal the DWI conviction from his supervisor and to violate Army regulations requiring a valid state driver's license.
 
 
 7
 Mr. Rednall appealed the removal decision to the MSPB. In an initial decision dated July 2, 1991, the administrative judge (AJ) sustained the charges against Mr. Rednall. However, he found that Mr. Rednall's conduct was related to alcohol, and concluded that the Army had committed harmful procedural error when it did not provide Mr. Rednall with the protections of AR 600-85 § 5-5a(1). The AJ also observed that, in his view, the penalty which had been imposed on Mr. Rednall was unreasonable whether or not the provisions of the regulation were applied to the case.
 
 
 8
 The Board granted the Army's petition for review and on June 24, 1992, issued a final decision reversing the initial decision and sustaining the Army's removal action. The Board agreed with the Army that Mr. Rednall's misconduct was not "related to alcohol," and that, therefore, AR 600-85 § 5-5a(1) was not applicable. The Board also disagreed with the AJ's observation that the penalty was unreasonable.
 
 DISCUSSION
 
 9
 As a threshold matter, Mr. Rednall argues that the decision by the Board to grant the Army's petition for review was unlawful. The contention is meritless. In its petition for review, the Army argued that the AJ had erred in interpreting AR 600-85 § 5-5a(1). This contention provided a basis for review by the Board under 5 C.F.R. § 1201.115(c)92). Furthermore, under 5 C.F.R. § 1201.117, the Board is authorized to reopen and reconsider an AJ's decision on its own motion at any time. Connolly v. Department of Justice, 766 F.2d 507, 511 (Fed.Cir.1985).
 
 
 10
 Turning to the merits, our review of the Board's decision is limited to a determination of whether it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1982); Cheeseman v. Office of Personnel Mgmt., 791 F.2d 138, 140 (Fed.Cir.1982), cert. denied, 479 U.S. 1037 (1987).
 
 
 11
 Mr. Rednall asserts that the Board's determination that AR 600-85 § 5-5a(1) did not apply to his case was wrong. We disagree. The AJ and the Board differed in their interpretations of the phrase "related to alcohol." The AJ agreed with Mr. Rednall that "related to alcohol" should be broadly construed to include misconduct indirectly resulting from an alcohol abuse problem. Thus, the AJ concluded that Mr. Rednall's alcohol abuse resulted in an alcoholic denial mechanism which was largely responsible for his failure to inform his supervisor of the DWI conviction and the resulting license revocation. The Army argued that the term "related to alcohol" should be narrowly construed to encompass only misconduct directly resulting from alcohol abuse.
 
 
 12
 In construing AR 600-85 § 5-5a(1), "the ultimate criterion is the [Army's] interpretation, which becomes of controlling weight unless it is plainly erroneous or inconsistent with the regulation." United States v. Larionoff, 431 U.S. 864, 872 (1976). We conclude that it was reasonable for the Army to interpret the regulation in a way which excluded from its coverage conduct not directly caused by an individual's alcohol abuse problem. Given the Army's construction of the term "related to alcohol," we find no error in the Board's determination that the regulation did not apply to Mr. Rednall's case. We find substantial evidence to support the Board's conclusion that Mr. Rednall failed to inform his supervisor of the DWI conviction and that he drove while his license was revoked because he feared losing his job, not because he was directly suffering the effects of alcohol abuse when he engaged in that conduct.
 
 
 13
 Mr. Rednall also argues that the Board abused its discretion in finding the penalty reasonable. Determinations of an appropriate penalty are left largely to the discretion of the employing agency. This court will overturn the imposition of a penalty only in exceptional cases where the penalty exceeds the bounds authorized by statute or regulation, or where the penalty is so harsh in relation to the offense that it amounts to an abuse of discretion. Schapansky v. Department of Transp., FAA, 735 F.2d 477, 484 (Fed.Cir.), cert. denied, 105 U.S. 432 (1984). We find neither of these factors here.